## MORRIS MEYERS

*v.*

## LEWIS M. PHILLIPS, for use, etc.

1. ASSESSMENT OF DAMAGES *on default.* On a default, where the assessment rests in computation, it may be made by the clerk, but in all cases where the promise is not in writing, for a specific sum of money, the damages must be assessed by the court or a jury.

2. PLEADING—*count for money payable upon contingency, must aver the happening of the event.* A declaration upon a contract to pay money, if at any time the promisor becomes intoxicated or drunk, which does not contain an averment that he had become intoxicated or drunk, is not sufficient to sustain a judgment by default.

3. PLEADING AND EVIDENCE—*common counts for money.* Under the common counts for money paid, for money loaned, and for money due on an account stated, an instrument for the payment of money if the maker should at any time become intoxicated, etc., is not admissible in evidence, nor is any other instrument which is not for the unconditional payment of a specific sum of money.

4. CONSIDERATION. Where a promise to pay money is averred in the declaration to have been made for value received, it will be sufficient proof of a consideration to show a written promise to pay for value received.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Messrs. VENNOR, WATTS & FORMAN, for the plaintiff in error.

Mr. P. E. HOSMER, and Mr. L. M. PHILLIPS, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This suit was brought on this instrument:

"NASHVILLE, ILL., *September* 18, 1872.

For value received, one day after, if I, at any time, become intoxicated or drunk, or mistreat or abuse Minnie Meyers, I promise to pay L. M. Phillips the sum of $600, for the use of Minnie Meyers, with 10 per cent interest from maturity until paid.          MORRIS MEYERS."

Plaintiff in error failed to appear or plead, and a judgment by default was entered, and a reference was made to the clerk to assess and report the damages, which he did, at $600, for which sum judgment was rendered, and to reverse which this writ of error is prosecuted.

It is first objected that the court erred in referring the instrument to the clerk to compute the damages.

The 40th section of the Practice Act, Sess. Laws 1872, p. 344, provides that, in cases of default, where damages are to be assessed, it shall be lawful for the court to hear the evidence and assess the damages without a jury, but either party may have the assessment made by a jury. It has been held, on a default, under our statute, that, where the assessment rests in computation, a jury is not necessary, but, under verbal agreements, as stated in the common counts, and breaches of contracts declared on in special counts, or, in fact, in all cases where the promise is not in writing, for a specific sum of money, the damages must, on a default, be assessed by the court or a jury.

In the first count of this declaration, the instrument is declared on as a note, and it is described according to its legal effect, but there is no averment that plaintiff in error had become intoxicated or drunk, or had mistreated or abused Minnie Meyers, but it simply avers that he thereby became liable to pay the note according to the tenor and effect thereof, and that he promised to pay the same when thereunto requested. This count is not sufficient to sustain the judgment, as it avers no breach. Whilst it describes the note, it shows nothing from which it can be inferred that defendant had become liable.

The second is a count for money paid for the use of defendant, for money due on account stated, and for money loaned.

Under this count, this instrument was not admissible in evidence, as it is not a note for the unconditional payment of a specific sum of money, and no other instrument is admissible under the money counts.

The third count is special, but not on this note. It avers the agreement as it is stated in the note, but it is not referred

to in the count. On the default, then, under this count, on assessing damages, proof would be required, as it was not on an instrument in writing for the payment of a specific sum of money, and where the damages may be computed. This being the case, the court erred in referring the assessment of damages to the clerk. It was in violation of the Practice Act, which requires the assessment to be made by the court or jury.

It is objected that this was not a promissory note, and a consideration should have been averred and proved. Had there been a proper breach in the first count, the note could have been read in evidence under it, as the averment is, that, "for value received," he made the promise, and the note states that the promise is made "for value received." This is an acknowledgment that the maker had received value for the undertaking, and it imports a sufficient consideration to support the promise.

The third count avers that the instrument was given in consideration that Minnie Meyers should dismiss a suit against plaintiff in error, and the breach of his promise not to become intoxicated or drunk, or mistreat or abuse her. We shall not now determine whether that was a sufficient consideration to support the promise, as it was not questioned by a proper plea, and its breach was admitted by the default, and had the court assessed the damages, the judgment would have been sustained.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*