## FRANK SMENTEK ET AL.
### V.
## MORRIS CORNHAUSER.

PRACTICE.—As the instrument in writing, involved in this case, was not set out or described in either count of the declaration, and as it was not a promissory note, section 33 of the Practice Act, requiring an affidavit denying the execution of an instrument in writing in the cases therein mentioned, has no application, and the instruction to the effect that the defendants were not permitted to deny the execution of the instrument in question was erroneous.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding. Opinion filed December 23, 1885.

This was assumpsit, brought to the March term, 1885, of the court below, by appellee, Cornhauser, against appellants, Smentek and Reich, and one Jankowsky. The declaration contained the general common counts and one count upon a special promise to pay money; but no written instrument was set out or attempted to be described in either count. At the second term after suit brought, the plaintiff filed, as a bill of particulars, what purported to be a copy of an instrument as follows:

" CHICAGO, July 24, 1885.
" This memorandum witnesses: That the undersigned, Floryan Jankowsky, as agent for M. Cornhauser & Co., did collect for them the sum of four hundred and forty-five dollars, and did embezzle and convert to his own use the said sum of money; now, in consideration that said M. Cornhauser & Co. will not sue the said Jankowsky, we, the undersigned, hereby promise to pay the said M. Cornhauser & Co. the said sum of four hundred and forty-five dollars in one year from date, payable in monthly installments of thirty-eight dollars each, until said sum is paid.
(Signed)
FLORYAN JANKOWSKY,
FRANK SMENTEK,
JOHN REICH."

The latter two only defended, filing the plea of general issue with affidavit of a good defense upon the merits ; the plea of *non est factum,* and a special plea averring in substance that they, Smentek and Reich, were respectively wholly ignorant of and unable to read the English language, that Jankowsky, with whom they were acquainted, brought to them a paper to sign, written in that language, and stated that he wanted to get employment in the business of the Brand Brewing Co.; that to get it he had to have a recommendation as to his ability and honesty ; that the paper he had was for that purpose, and contained such recommendation; that the defendants believing him, and not knowing that the paper was other than as stated, and not being able to read it, put their respective names to it, which is the same paper, etc.   The plea concluded with a verification, and there is nothing in the record to show that plaintiff traversed any of said averments by replication.   On the trial the plaintiff assumed the burden of proving the execution, and offered in evidence an instrument of which the foregoing is a copy.   And the defendants were permitted, without objection, so far as the record shows, to introduce evidence showing that their respective signatures were put to the instrument, under the circumstances as stated in said special plea.   At the conclusion of the testimony, the court instructed the jury, " that the defendants not having denied the execution of the instrument sued on, by affidavit annexed to their pleas, the execution of it is proved by the mere production of the instrument by the plaintiff, and offering the same in evidence."   To the giving which, defendants duly excepted.

The jury found for plaintiff in the sum of $467.25, on which judgment passed, and said defendants bring the record here by appeal.

Messrs. BRANDT & HOFFMANN, for appellants; that appellants are not liable, cited Hubbard v. Rankin, 71 Ill. 129 ; Auten v. Gruner, 90 Ill. 300 ; Anderson v. Warne, 71 Ill. 20 ; Riley v. Johnson, 8 Ohio, 526.

Mr. ALLAN C. STORY, for appellee; cited Fulford v. Block, 8 Bradwell, 284; Anderson v. Warne, 71 Ill. 20; Strong v. Linington, 8 Bradwell, 436; Wheeler v. Long, 8 Bradwell, 463; Gridley v. Bane, 57 Ill. 529; Young v. Ward, 21 Ill. 223; Selan v. Brock, 8 Ohio, 302: 1 Parsons on Notes and Bills, 235.

McALLISTER, J. The instrument in writing, involved in this case, was not set out or described in either count of the declaration. And, unless it was admissible in evidence under the common money counts, it was not admissible at all. It was not so admissible, unless it was a promissory note. But, it not being an unconditional promise to pay a specified sum of money, it was not a promissory note. Myers v. Phillips, 72 Ill. 460.

The action not having been brought upon said instrument in writing, and it not being admissible under any of the counts of the declaration, § 33 of the Practice Act, requiring an affidavit denying the execution of an instrument in writing in the cases therein mentioned, has no application to this case. The instruction, by the court to the jury, to the effect that the defendants were not permitted to deny the execution of the instrument in question, was therefore erroneous.

Such instrument not being a promissory note, so as to import a consideration, and none appearing on the face of it, because it does not say for value received, or imply value received, so far as the sureties are concerned, it will be necessary for plaintiff, in order to be in a condition to recover upon it, to declare specially upon it, averring performance of the condition therein expressed, and a legally sufficient consideration. Wells v. Girling, 8 Taunt. 737; Butler v. Rawson, 1 Denio, 105.

Appellee's counsel assumes that the law will not permit the defendants to show that they were illiterate or unable to read English, and that Jankowsky presented said paper to them and stated it to be a mere recommendation of himself for a situation, and that they signed it as such, unless the plaintiff participated in the act of obtaining it by fraud and circumven-

tion.  And the counsel seems to think, that the defense is founded upon the statute in respect to setting up fraud and circumvention in actions upon negotiable instruments.  The right of defendants to contest the execution of this instrument is in no respect founded upon that statute, but arises from very old principles of the common law ; one of which is that an act of the mind, an assent, is indispensable to the making of a valid express contract.  In modern times, such assent to a contract in writing is usually manifested by signing ; as a general rule if the mind does not accompany the act of signing, by reason of the misreading or misstatement of the effect of the instrument, and the party, without negligence, signs one instrument, when he supposes, from the circumstances of such misreading or misstatement of the contents and effect, that he is signing one of a different nature, he will not be bound ; and it will make no difference whether such misreading or misstatement of contents and effect was by the party who seeks to enforce the obligation, or by a stranger.  In Thoroughgood's case, 2 Coke, 9, trespass was brought by Thoroughgood against Cole for breaking plaintiff's close.  The defendant pleaded that long before the trespass, the plaintiff released to one William Chicken, all demands, etc., whatsoever, whose estate defendant had, and justified the trespass.  The plaintiff replied that he was a layman, not lettered, and that, at the time of the said release made, divers arrearages of an annuity were due him by said William Chicken, and that the said writing of release was read and declared to him as a writing of acquittance for those arrearages only ; and that he, giving credit thereunto, did seal and deliver the same to said William Chicken, and so not his deed. The jury found a special verdict, that plaintiff was a layman, not lettered, and that divers arrearages of the said annuity were behind, and that the writing was never read to plaintiff ; but after that one Thomas Ward had begun to read it to the plaintiff, and before he had read a line of the writing, one John Ward took the writing out of his hands, saying to the plaintiff : " Goodman Thoroughgood, you are a man unlearned, and I will declare it unto you and make you understand it

better than you can by hearing it read." And then said further to him: "Goodman Thoroughgood, the effect of it is that you do release to William Chicken all the arrearages of rent that he doth owe you, and no otherwise and then you shall have your land again." To which plaintiff said: "If it be no otherwise, I am content;" and thereupon the plaintiff, giving credit to said John Ward, delivered said release to said William Chicken; and whether this, upon the whole matter, be the plaintiff's deed, the jury refer to the court. The court adjudged that it was not the plaintiff's · deed, resolving first, that although the party to whom the writing is made, or other by his procurement, doth not read the writing, but a stranger of his own head read it in other words than in truth it is, yet it shall not bind the party who delivereth it; for it is not material who readeth the writing so as he who maketh it be a layman and being not lettered (without covin in himself) be deceived. * * Thirdly, although the writing be not read to the party, yet if the effect be declared to him in other form than is contained in the writing, and upon that he deliver it, he shall avoid the deed.

We are not aware of the doctrine of this case being overruled, as applied to instruments other than negotiable paper. They may be said to have been modified to the extent that the party having executed and seeking to avoid the deed must exercise due care. Thoroughgood's case was expressly recognized as law in Foster v. McKinnon, 38 Law Journal Rep. 310, decided by the English Common Pleas in 1869; R. R. I. & St. L. R. R. Co. v. Shumick, 65 Ill. 229; Strong v. Linington, 8 Bradwell, 436; Id. 463.

For the error in the instruction to the jury, the judgment must be reversed and the cause remanded.

Judgment reversed.