### Dora Brittin, Appellant v. Standard Pecan Company, Incorporated, Appellee.

1.  APPEAL AND ERROR, § 1306*—*when count will be presumed additional.*  Where it appears from the record that plaintiff obtained leave to file an additional count and that such additional count was filed, and that a demurrer was filed and sustained to the "amended" count and plaintiff abided by her "amended" count, and no other accounts appear in the record than the above mentioned, it will be presumed on appeal that the count purporting to be an additional count was in fact such, and not an amended count.

2.  APPEAL AND ERROR, § 1306*—*when counts in pleading will be presumed abandoned.*  Where there is nothing in the record to show that after a demurrer was sustained to special counts plaintiff abided by such counts, they must be treated as having been abandoned.

3.  TRIAL, § 100*—*when finding operates as ruling on objection to evidence.*  Where plaintiff offers the instrument sued on in evidence under the common counts and upon defendant's objecting to its admission thereunder, it is admitted subject to objection and plain-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

tiff offers no further evidence and the court finds the issues joined in favor of defendant, such finding in effect sustains the objection. to the admission of the instrument in evidence.

4. CONTRACTS, § 185*—*when contemporaneous agreements may be considered in construing contract.* Contemporaneous agreements in regard to the same subject-matter must be construed together as one contract.

5. ASSUMPSIT, § 72*—*when special count is demurrable.* Where an agreement in which a promissory note is incorporated and of which it forms a part contains the terms, conditions and contingencies upon which such note shall become due and payable, a demurrer is properly sustained to a special count in an action upon such contract where such count ignores all of the agreement except that part which constitutes the promissory note.

6. CONTRACTS, § 351*—*when contract must be declared upon specially.* When the payment of an obligation is to be made in a particular manner or is to be controlled by the happening of future events, then the contract creating the obligation must be declared upon specially, and facts showing that the obligation is due and payable must be averred.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

LESLIE J. OWEN and STONE & DICK, for appellant.

LIVINGSTON & WHITMORE, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Dora Brittin, appellant, brought her action in assumpsit against the Standard Pecan Company, appellee, to recover upon the following contract:

"In the event that the terms of the agreement recorded on Certificate No. 138 are not complied with by the Standard Pecan Company then the below note shall become at once due and payable according to the terms stated therein and redemption may be demanded any time thereafter.

"Should the Standard Pecan Company go into

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

liquidation before maturity of the above numbered certificate, or before the same has been redeemed, then the owner of said certificate may demand payment of the below note the same as though it was already due.

"It is further agreed that there shall not be issued an amount of withdrawal stock in excess of one-third of the net assets of the company while this certificate or the below note remains in force.

"$1000.00          Bloomington, Ill., July 17th, 1912.

"Three years after date, for value received, the Standard Pecan Company promises to pay Mrs. Dora Brittin, or order, at its office in the city of Bloomington, One thousand Dollars................Dollars, and in addition thereto a sum equal to 7 per cent interest from the last dividend payment on the attached certificate.

"Should this note not be paid when due an attorney's fee of 5 per cent will be allowed for the collection thereof.

"This note will be void if detached from certificate No. 138.

STANDARD PECAN CO.<br>
H. S. Watson, Pres.<br>
Attest:  W. W. Whitmore, Sec'y.

"No. 138      WITHDRAWABLE STOCK      Shares 100
STANDARD PECAN COMPANY.<br>
Capital Stock $500,000.

"This certifies that Mrs. Dora Brittin........is the owner of....100.... Withdrawable Preferred Shares of Ten Dollars each of the capital stock of the Standard Pecan Company, fully paid and non-assessable, however without the right to vote the same, transferable only on the books of the corporation by the holder hereof in person or by attorney upon surrender of this certificate properly endorsed.

"The holder of record of withdrawable stock is entitled to receive, and this company is bounden to pay, a dividend of seven per cent per annum for a period of ten years from date or until this certificate is redeemed.

"The dividends shall be cumulative and shall be paid prior to any dividend being paid the holder of Common Stock. Withdrawable Stock shall be limited to one-fifth of the capital stock authorized.

"In the distribution of assets the face value of Preferred Stock with cumulative dividends, if any, shall first be paid. Any remaining assets shall go to the holders of Common Stock.

"No mortgage shall be issued against any of the present or future holdings of the Company while any of these Withdrawal Certificates are outstanding, except for the original purchase price of land.

"This certificate is withdrawable under the following conditions:

"Payment of this certificate at its face value and all accrued dividends may be made 3 years from date or any time thereafter, a thirty days' previous notice in writing having been given by either party, upon the following terms and conditions:

"This Company shall create and maintain a Redemption Fund during the life of these certificates by placing in such fund five per cent of the par value of the certificates outstanding. This fund shall be used to pay withdrawals upon thirty days' written notice. If this fund is not sufficient to pay the Withdrawal, with cumulative dividends, if any, this company agrees as soon as notice of desire to withdraw is given, to set aside one-half of its entire income from whatever source until there are funds enough to pay this withdrawal and to maintain five per cent Redemption Fund. These withdrawal certificates, with all accrued dividends, shall be paid in the order in which request for payment has been filed with the Company or notice of the Company's desire to pay the same sent to the owner of record. No certificate shall be called in by the Company until it is subject to call for payment by the holder, then the Company may pay same, upon thirty days' notice to the owner by paying its face value and all accrued dividends. At the end of ten years this certificate and all accrued dividends must be paid.

"IN WITNESS WHEREOF, The said corporation has caused this certificate to be signed by its duly authorized officers and to be sealed with the seal of the corporation, this 17th day of July, A. D. 1912.

The cause was submitted to the court for trial who found the issues joined in favor of appellee and judgment was rendered accordingly.

The original declaration consisted of two special counts and the consolidated common counts. The two special counts declare upon the instrument as a promissory note though the whole contract is attached to the declaration and made a part thereof. A demurrer was interposed to these two special counts and sustained. Thereupon it appears from the record that appellant obtained leave to file an additional count, and what purports to be an additional count was filed. To the additional count a demurrer was also interposed and sustained. There seems to be some confusion in the record in regard to whether this additional count was treated as such or as an amended count. The record shows that a demurrer was filed March 25, 1919, to the "amended count." The record also shows that on April 28, 1919, the demurrer was sustained to the "amended" count and that on June 25, 1919, that appellant abided by her "amended" count. As no other counts appear in the record than the one above mentioned, it will be presumed that the special count purporting to be an additional count was, in fact, an additional count and not an amended count and that appellant abided by her additional count. However, there is nothing in the record to show that after the demurrer was sustained to the two original special counts that she abided by said counts. They must be treated therefore as having been abandoned.

After the demurrer to the additional count had been sustained the case proceeded to trial before the court and appellant offered to introduce the instrument

heretofore set out in evidence under the common counts. Appellee objected to its admission under the common counts and it was admitted subject to the objection. Appellant offered no other evidence and the court found the issues joined in favor of appellee. This finding in effect sustained the objection to the admission of the instrument in evidence. Two questions are involved on this appeal: Did the trial court err in sustaining the demurrer to the additional count and also in refusing to admit the instrument in evidence? Counsel for appellant contend that she can recover upon that part of the instrument purporting to be a promissory note regardless of the other provisions of the agreement attached thereto. Contemporaneous agreements in regard to the same subject-matter must be construed together as one contract. *Heldman v. Gunnell,* 201 Ill. App. 172, and cases cited therein. The additional count simply sets out the instrument *in haec verba* and concludes with the averment that said last dividend payment in said writing referred to was of the date of October 1, 1913, and being so liable to pay the said sum of $1,000, together with interest from October 1, 1913, as well as 5 per cent attorney's fees, appellee then and there to-wit: at the maturity of said note promised to pay the said sum according to the tenure and effect of said instrument, but though often requested so to do, has wholly refused and does still refuse to pay the same or any portion thereof, to the damage of appellant of the sum of $1,500, etc. The promise to pay in the agreement is controlled by the conditions therein set forth and is not an unconditional promise to pay $1,000 three years after date. Under certain conditions, payment might have been demanded before the three years had expired. Under other conditions, the payment might be postponed. In fact, the provision in the form of the promissory note is a sort of guaranty for the faithful fulfilment

by appellee of its obligation to redeem the withdrawable certificates of stock issued by it, in the manner and under the conditions set out in the agreement. The additional count contains no averment of any kind tending to show that any conditions or circumstances have arisen which gives appellant the right to sue upon said promise. The agreement specifically states under what conditions the certificates of stock may be withdrawn or redeemed prior to the maturity of the note and also under what conditions this may be done on the maturity of the note or at any time within 10 years after the date of the agreement. The additional count ignores all of the agreement except that part constituting the promissory note. This count does not state a cause of action and the demurrer thereto was properly sustained.

When the payment of an obligation is to be made in a particular manner or is to be controlled by the happening of future events, then the contract creating the obligation must be declared upon specially and facts showing that the obligation is due and payable must be averred. *First Nat. Bank v. Hart,* 55 Ill. 62; *Meyers v. Phillips,* 72 Ill. 460; *Harman v. Indian Grave Drainage Dist., ante,* p. 502. It follows, therefore, that the trial court did not err in refusing to admit the instrument or agreement sued on in evidence under the common counts.

There is no error in the record and the judgment of the circuit court is affirmed.

*Affirmed.*