RICHARD MEEK, Respondent, *v.* ROBERT A. HEWITT, Appellant.

1. *Practice, civil — Supreme Court may review judgment of Circuit Court rendered on motion, without motion for new trial.*— The Supreme Court may review the decisions of an inferior court rendered on motion — as on a motion to correct a sheriff's return — although no motion for new trial has been made.

### *Appeal from DeKalb Circuit Court.*

*Woodson, Vineyard,* and *Young,* for appellant.

No motion for a new trial was necessary in this case in order to bring it properly into the Supreme Court, the judgment from which this appeal has been taken being a judgment on a motion to amend sheriff's return after final judgment in the case. (See Baker v. Waugh, 34 Mo. 330; Bruce v. Vogel, 38 Mo. 100; Parker v. Hann. & St. Jo. R.R. Co., 44 Mo. 415.)

*Strong & Chandler,* for respondent.

There was no motion in the Circuit Court for a new trial or in arrest of judgment, and where this is the case, this court has repeatedly held that it will not review the proceedings of the court below. (36 Mo. 400; 41 Mo. 398; 46 Mo. 389.)

An amendment of process or return is always freely allowed in aid of a judgment, although denied where their effect is to create error. It makes no difference that the sheriff is out of office. (45 Mo. 113; 46 Mo. 314.)

WAGNER, Judge, delivered the opinion of the court.

From the record it appears that on the 21st day of June, 1864, Meek, the respondent, filed his petition in the office of the clerk of the DeKalb Circuit Court, against the appellant Hewitt, asking for a judgment for $100. The clerk issued a summons thereon, which was placed in the hands of the sheriff, and on the same day the sheriff indorsed on the writ the following return: "I certify that I have served the within writ and petition by leaving a copy

of the same with Mrs. Mary Hewitt, the wife of the within named defendant, this 21st day of June, 1864; all done in DeKalb county. J. E. Branscom, sheriff of DeKalb county."

At the following September term of the court, a judgment was rendered in favor of the plaintiff upon that service and return after the lapse of five years, and at the March term of the court, 1870, the sheriff in the meantime having died, the respondent filed a motion to amend and correct the return.

The court proceeded to hear testimony on the motion, and after finding that the sheriff was dead, gave judgment amending the return so as to make it read as follows: "I certify that I have served the within writ and petition by leaving a copy of the same with Mrs. Mary Hewitt, who was and is a white member of the defendant's family, over the age of sixteen years, and the wife of the defendant, at the usual place of abode of the defendant, this 21st day of June, 1864; all done in DeKalb county. J. E. Branscom, sheriff of DeKalb county, Mo."

The evidence is all preserved in a bill of exceptions. It is objected that this court cannot review the action of the Circuit Court because there was no motion filed for a new trial; but in the matter of reviewing decisions rendered in the inferior courts on motions, the ruling here has been otherwise. (Bruce v. Vogel, 38 Mo. 100; Parker v. Hann. & St. Jo. R.R. Co., 44 Mo. 415.) Under no possible circumstances can the evidence be made to support the finding and judgment of the court. All the witnesses, both for the plaintiff and defendant, concur that at the time of the pretended service Hewitt was out of the State, and had no fixed place of abode in DeKalb county.

In 1861 he left this State and went to Baltimore to reside; and did not return till 1868. Previous to his departure he owned property and kept house, but when he left he quit house-keeping, and his wife boarded at several places during his absence. It is not denied that she was boarding in another family when the writ was served upon her. The defendant at that time had neither domicile nor abode within the jurisdiction of the court. The return, therefore, that the court makes out for the dead sheriff, is

not true in point of fact.   Whether in any case, upon hearing evidence, the court could make an amendment for the officer, need not be discussed.

Judgment reversed.   The other judges concur.