WILLIAM HAYGOOD, Defendant in Error, *v.* JOHN A. McKOON, Plaintiff in Error.

1. *Bond, guardian's — Suit on — Contribution — Petition — Allegations — Verdict — Jeofails — Record — Surplusage.* — Where judgment was obtained against a surety on a guardian's bond, and the surety sued his co-surety for contribution, the failure of his petition to state that the original suit was brought in the name of the State, to the use of the beneficiaries on the guardian's bond, should not be held to vitiate his judgment.   The error would be

cured by verdict. And on the trial, notwithstanding such defective averment, the record in the former suit might be admitted in evidence. And no mere informalities, not sufficient to have invalidated the first judgment, ought to be considered. Nor would the record be rendered inadmissible in evidence from the fact that it embraced a copy of the guardian's bond. The latter was no part of the record, and should be treated as surplusage.

*Appeal from Adair Circuit Court.*

*Ellison & Ellison*, and *Barrow, Harrington & Cover*, for plaintiff in error.

*Dryden & Dryden*, with *Alverson*, for defendant in error.

The record was not inadmissible by reason of any variance with the allegations of plaintifl's petition. (Wagn. Stat. 1033, § 1; Metz v. Eddy, 21 Mo. 13; Randolph v. Keller, *id.* 557; State v. Price, *id.* 434.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff and defendant were sureties upon the bond of one Worthington, as guardian of the person and estates of the heirs of James R. Bates. The guardian having made default, suit was brought upon his bond, service was had upon the plaintiff, and judgment by default was rendered against him for $1,047, which he paid, and brings this suit for contribution. The record contains no instructions or declarations of law, and the judgment must stand if the pleadings are sufficient to sustain it, unless there was error in the admission of evidence. The petition avers that the suit against the plaintiff was brought by the subsequent guardian, and does not describe it as having been brought in the name of the State, to the use of the beneficiaries in the bond. This was an imperfection in describing the judgment obtained against the plaintiff, which could have been remedied by amendment or motion to make the pleading more definite, but should not be held to vitiate the judgment. It is cured by verdict. Upon the trial the admission of the record in evidence was objected to because of this imperfection, but the record did not contradict the allegation; it did not form a new cause of action,

Haygood v. McKoon.

nor was it such a variance as could have "misled the adverse party to his prejudice."

The introduction of the record in evidence was also objected to for various alleged irregularities and informalities which did not go to the merits, and which could not be considered collaterally. It is not necessary to specify them, but only to say that if the record showed a judgment valid until reversed, informalities in obtaining it, if any there were, should not have been considered, and the record was properly admitted. The defendant also objects to the judgment because a copy of a copy of the bond was admitted in evidence. On examination of the bill of exceptions I find no such copy admitted in evidence, nor do I see that it was offered. The record of the judgment against the plaintiff, after giving the petition, recites the bond as having been filed with it. This was unnecessary, for the copy of the bond was no part of the record proper, neither was the record vitiated by its insertion. It was proper evidence without the copy and was equally so with it. The plaintiff should have introduced in evidence the original bond, or an official certified copy, as well as the record of the judgment; but I take no objection to the finding of the court from this defect in the evidence if it existed, nor do I find any instruction asked in reference to it. The objection in the motion for new trial was to the admission of the copy in evidence, which was not in fact offered in evidence; and I find no ruling in relation to its admission or rejection. If the defendant had asked the court to instruct the jury that the recital or copy of the bond in the record was no evidence of its existence or execution, or asked that it be not read to the jury as a part of the record, the request would doubtless have been granted; but the objection, as made, does not meet the case. The objections throughout seem to have been purely technical, and are not entitled to favorable consideration. There was no defense upon the merits.

The judgment was for the right party and should be affirmed. The other judges concur.