———o———

THE KANSAS CITY HOTEL Co., Respondent, *vs.* JOHN S. HARRIS, Appellant.

1. *Corporations, private—Shares, calls on—Stockholders and directors, liability of—Estoppel.*—Where a person participates in all the proceedings in creating a corporation, and in increasing its stock and making the calls on the stock subscriptions both as stockholders and director, in a suit against him to compel payment of such calls, he is estopped to deny their validity.

*Appeal from Jackson Circuit Court.*

*Tichenor and Warner,* for Appellant.

*Lay & Belch with Brown & Case,* for Respondent.

The appellant having subscribed to the stock of the corporation by its corporate name, and having subscribed ten additional shares after the increase of its capital stock, having voted for the increase and participated in the meeting for the increase, having acted as a director and voted for assessment on the increased stock, and having paid assessments so made after the increase of the capital stock, cannot question the legal existence of the corporation, nor the validity of its acts in increasing its capital stock, nor in making assessments. (Ang. & Ames on Corpor., §§ 636, 518, 519; Ohio

Miss. R. R. Co. vs. McPherson, 35 Mo., 13; Smith vs. Heidecker, 39 Mo., 163; McDermott vs. Donnegan, 44 Mo., 85; Shaeffer vs. Home, Ins. Co., 46 Mo., 248; Price vs. Rock Island R. R. Co., 21 Ills., 73; Anderson vs. New Castle R. R. Co., 12 Ind., 376; Eaton vs. Aspinwall, 19 N. Y., 119; Bank of Tol. vs. International Bank, 21 N. Y., 542.)

Adams, Judge, delivered the opinion of the court.

This was an action to recover the last call on the stock subscribed by defendant to the capital stock of plaintiff.

The plaintiff is a private corporation organized under Chap. 69, 1 W. S., 332, for the purpose of erecting and carrying on a hotel in the City of Kansas. The defendant was an original stockholder and corporator and is still one of them.

The capital stock was originally $40,000 divided into shares of $100 each. The defendant subscribed for 40 shares or $4,000, afterwards the directors and stockholders—the defendant acting in both capacities—increased the stock of the Company to $80,000, and the defendant subscribed for ten additional shares, making the whole amount subscribed by him, fifty shares or $5,000.

When the first stock was subscribed, ten per centum thereof was paid, which was considered the first call; afterwards and at different times, four other calls were made, all of which were duly paid except the last. This last or fifth call was for twenty per cent. on the stock held by each stockholder, and it is this last call amounting to $1,000 on stock held by the defendant, that he objects to paying. The evidence clearly showed that the defendant being a stockholder, was also a director in the Company, and as such stockholder and director participated in the proceedings increasing the stock and also in making the several calls.

The case was submitted to the Court by consent, for trial, and the Court found for and gave the judgment for the plaintiff for the amount of the last call and interest thereon, from the time the same was demanded.

The first objection raised by the defendant is, that there were two subscriptions and the petition only counts on one.

30—VOL. LI.

This is a mere technicality. The gist of the action is the amount of the call made on all the stock owned by the defendant.

He first subscribed for forty shares, and afterwards he increased this subscription to fifty shares, or which is the same thing, he subscribed for ten additional shares. The two subscriptions taken together, amount to one subscription of fifty shares. By thus subscribing to the capital stock, he became the owner of fifty shares, and became bound to the Company to pay for these fifty shares on calls to be made for that purpose. He participated in making those calls, and each call as understood by all parties, was on the whole stock whether subscribed at one or more times. Viewed in this light, each call constitutes but a single cause of action.

I see no valid objections to the instructions given for plaintiff. They assert in substance the legal axiom, that the defendant having participated in all the proceedings creating the corporation, and in increasing the stock and making the calls both as stockholder and director, he·is now estopped from raising any question in this action as to their validity. (See Ang. & Ames on Corp., §§ 636, 518, 519; Ohio & Miss. R. R. Co. vs. McPherson, 35 Mo., 13; Smith vs. Heidecker, 39 Mo., 163; McDermot vs. Donegan, 44 Mo., 85.)

Judgment affirmed. The other judges concur.