STATE OF MISSOURI, to use of JOHN B. HAYNES, Respondent, vs. HENRY A. WEBSTER, *et al.*, Appellants.

1. *Jeofails, Statute of—Practice, civil—Pleadings—Allegations—Attachment bond.*—A petition on an attachment bond,which does not allege that the State sues, but sets forth by sufficient averments the title of B., for whose benefit the bond was made, and who is the real party in interest, and all the facts entitling him to recover, must be held good after verdict.

### *Appeal from Polk Circuit Court.*

*Waldo P. Johnson,* for Appellants.

It is not averred in the body of the petition that the State sues. [State vs. Matson, 38 Mo., 489.)

*Reckhow & Underwood, and E. L. Edwards,* for Respondent.

1. The petition contains an averment that defendants executed their bond to the State, which states the fact sufficiently. (Hayden vs. Sample, 10 Mo., 215.)

2. If the petition were originally defective, the deficiency is cured by the verdict and judgment. (Shaler vs. Vanwormer, 33 Mo., 386 ; Richardson vs. Farmer, 36 Mo., 35 ; Stephens vs. Frampton, 29 Mo., 264.)

3. The objections to the proceedings are purely technical, and are not entitled to favorable consideration. (Haygood vs. McKoon, 49 Mo., 77; Newton vs. Miller, 49 Mo., 298.)

WAGNER, Judge, delivered the opinion of the court.

The only point raised by the record, or relied on for a reversal, is that the court erred in over-ruling defendants' motions in arrest of judgment.

The suit was on an attachment bond, and it is objected that it is not stated in the body of the petition that the State sues. But it appears from the pleading, that Haynes for whose benefit the bond was made, and who is the real party in interest, sets forth by sufficient averments his title and all the facts entitling him to recover. This distinguishes the case from State vs. Matson (38 Mo., 489), and although the petition may have been technically defective, yet it must be

held good after verdict. (W. S., 1036, § 19; Haygood vs. McKoon, 49 Mo., 77.)

It is farther alleged as error, that two separate and distinct breaches are alleged and there is but one finding of facts. But this allegation is not borne out by the record. However indefinite or inappropriate the pleader may have been in the use of language, there is substantially but one breach assigned.

What purports to be the first breach is simply that a right of action has accrued for the penalty of the bond, and then in the second assignment the damages are specifically set out and judgment asked. There is but one prayer for judgment, and in effect but one breach, and although the petition is inartificially drawn, we must now hold it good.

The judgment of the court below was correct on the merits, and nothing but mere technical objections are urged against it.

Judgment affirmed. The other Judges concur.