The City of St. Louis v. Brooks.

CITY OF ST. LOUIS v. BROOKS, *Respondent;* BROWN *et al., Appellants.*

DIVISION ONE.

1. **Supreme Court Practice:** MOTION AFTER FINAL JUDGMENT. The supreme court will review the action of the trial court on a motion made after final judgment, *e. g.,* on a motion to quash an execution and the like, though no motion for a rehearing or retrial of said motion was made in the trial court.

2. ————: EXCEPTIONS. An exception to the court's action on the motion must, however, be saved at the time the ruling complained of is made.

3. **Civil Practice:** SETTING ASIDE EXECUTION SALE. The circuit court has full control over its own process and may, on motion filed, at or before the return term of an execution, set aside a sale made thereunder.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*F. A. C. McManus* and *T. P. Bashaw* for appellants.

(1) The sheriff's advertisement was sufficient. R. S. 1879, sec. 2380. (2) Where the execution is regular on its face, the sheriff is not bound to go behind the writ to see whether the judgment is regular.

*Higdon v. Conway*, 12 Mo. 295. (3) The form of notice given in this case is the one in common use, and this court will take cognizance of the forms commonly used to enforce the process of the courts. But if not there was no evidence offered tending to show that the sheriff proceeded in this case in any manner other than is usual in such cases. Greenl. on Ev. [14 Ed.] p. 13, and cases cited; *Brown v. Piper*, 91 U. S. 37. (4) At most defendant Brooks' objection to the advertisement goes merely to the form of setting out the sheriff's authority to sell; but the form of notice used in this case being the one in common use for many years, and vast property rights having been acquired under sales so advertised, this court will not now enter into nice psychological studies as to its effect upon the minds of bidders. (5) The sale ought not to be set aside, even though the notice was not as full as it might have been. Freeman on Void Judicial Sales, sec. 28, and cases cited; *Cabell v. Grubbs*, 48 Mo. 353; *Draper v. Byron*, 17 Mo. 71; *Ladd v. Shippie*, 57 Mo. 530; *Higdon v. Conway*, 12 Mo. 295.

*P. Wm. Provenchere* and *F. H. Bacon* for respondent.

(1) The exception of appellants to the action of the court, overruling their motion to set aside the order of the court, on respondent's motion, or for a rehearing, is not sufficient; they not having excepted to the ruling of the court sustaining respondent's motion, there is nothing here to review. *Wine Co. v. Scholer*, 13 Mo. App. 349. (2) The court has on motion jurisdiction at the term to which an execution is returnable to set aside a sale made under the execution. Freeman on Executions [2 Ed.] secs. 305, 306, 310; *State v. Yancy*, 61 Mo. 397; *Wine Co. v. Scholer*, 13 Mo. App. 345; s. c., 85 Mo. 496; *McKee v. Logan*, 82 Mo. 524. This last case is also to the point that on such motion notice need not be given to the sheriff.

BLACK, J.—This case is now before us on the appeal of Lydia C. Brown and her husband to review the action of the circuit court in setting aside an execution sale.

The suit was instituted by the city of St. Louis against John T. Brooks to enforce a special tax bill for $37.20, against a lot having a frontal of thirty-one feet, owned by Brooks. There was no personal service of process upon him, he being a non-resident, but he was duly notified by newspaper publication. Final judgment by default was entered in April, 1888, on which a special execution was issued, dated the fourteenth of June of that year, returnable to the following October term. The sheriff sold the property under this execution on the seventh of July, 1888, and Lydia C. Brown became the purchaser at the sum of $101.

At the October term and on the first day thereof, Brooks appeared and moved to set aside the sale for the following reasons: That he was a non-resident and had no actual notice of the suit; that the property which was sold for $101 was reasonably worth $1,500; and because the sheriff's advertisement of the sale was irregular in this, that he thereby stated that he would sell the property "by virtue and authority of a special execution on *special tax bill*, issued from the office of the clerk of the circuit court," etc., instead of saying he would sell the property by virtue of a special execution issued *on a judgment*, etc.

Lydia C. Brown and her husband were duly notified of the filing of the motion and appeared and resisted the same. The court on proof of the matters stated in the motion made an order on the twelfth of November that upon the payment of $101 and costs into court by Brooks, within ten days, for the use of Lydia C. Brown, the motion would be sustained. Brooks made a deposit of the money, and on the twentieth of the same month the court sustained the motion, and thereby set aside

the sale.   No exceptions were taken or saved to either
of these orders ; but within four days Mrs. Brown and
her husband filed a motion to set aside the orders and
for a rehearing, which motion was overruled at the
following December term.   The Browns then for the
first time excepted and in due time perfected this
appeal.

It is insisted on behalf of Brooks that the rulings
of the circuit court in setting aside the sale are not before
this court for review, because no exceptions were taken
at the time the rulings were made.   To enable this
court to review the decision of the trial court made
during the progress of a cause two things are essential :
*First*, exceptions must be taken at the time the rulings
are made.   They need not be then written out, but they
must be noted at that time.   *Second*, the attention of the
court must be again called to them in a motion for a new
trial.   These familiar rules were applied to a motion to
set aside an execution sale in the case of *Bishop v.
Ransom*, 39 Mo. 417.   But that case is in conflict with a
prior case not there noticed, and is in conflict with several
subsequent cases, and is to be regarded as overruled.
For all the purposes of a review in this court, the rul-
ings of the trial court on motions made after final
judgment stand on a different footing from those made
during the progress of the cause.   This court will
review the action of the lower court on a motion to
quash an execution, to pay over money on execution, to
set aside a judgment for irregularity, to set aside an
execution sale, and the like, though there is no motion
for a rehearing or new trial.   A motion for new trial is
unnecessary in such cases.   *Bruce v. Vogel*, 38 Mo. 101 ;
*Meek v. Hewitt*, 48 Mo. 337 ; *State v. Newkirk*, 49 Mo.
472 ; *Gale v. Michie*, 47 Mo. 326 ; *Slagel v. Murdock*,
65 Mo. 522.

A bill of exceptions may be taken upon the ruling
upon such motions bringing upon the record the action
of the court and the facts produced in evidence on the

hearing of the motion. The fact, however, that a motion for new trial is unnecessary does not dispense with the necessity of taking the exception at the proper time. The exception must be taken at the time the ruling complained of is made, the same as in other cases. This is the settled practice and ought not to be disturbed. It follows that the point made in behalf of Brooks is well taken.

The circuit court has complete control over its own process, and may on motion filed at or before the return term of an execution set aside a sale made thereunder. *McKee v. Logan*, 82 Mo. 524; *American Wine Co. v. Scholer*, 85 Mo. 496. The circuit court, therefore, had the power and jurisdiction to set aside the sale in question, and, as no timely exception was taken to the order setting aside the sale, the judgment must be and is affirmed. All concur.