HARRIET L. STEELE, Respondent, v. WILLIAM H.
STEELE, Appellant.

St. Louis Court of Appeals, March 27, 1900.*

1. **Alimony, Pending Suit for Divorce:** MOTION FOR, AN INDE-
PENDENT PROCEEDING. A motion for alimony, though an ad-
junct to the divorce suit, is independent of it, and for all practical
purposes is independent of the principal suit, and can not be dis-
turbed by the result of that suit.

2. ———: TO REVIEW LOWER COURT'S JUDGMENT: MOTION
FOR A NEW TRIAL, NECESSARY. To authorize an appellate
court to review the rulings of the trial court on the hearing of a
motion for alimony, *pendente lite*, it is essential that the appellant
file his motion for a rehearing or new trial before taking his appeal,
that the trial judge may have an opportunity to correct his errors,
and if this is not done, there is nothing before the appellate court
for review, but the record proper.

Appeal from the St. Louis City Circuit Court.—*Hon.
Franklin D. Ferris*, Judge.

AFFIRMED.

No briefs furnished reporter by clerk.

BLAND, P. J.—On November 17, 1898, the respond-
ent filed a petition in the circuit court of the city of St. Louis,

_____
* NOTE.—Received by reporter November 20, 1900.

praying for a divorce from appellant on the alleged grounds of indignities and impotency. The appellant was served with process and entered his appearance. On July 19, 1899, respondent filed her motion in due form for alimony *pendente lite*. Appellant filed an answer to the motion containing two clauses—a general denial and a plea of former adjudication on a like motion in bar. To this a reply was filed. The court heard the evidence adduced on the motion and made an order allowing respondent $150 per month as alimony pending the suit. From this order William H. Steele appealed.

No motion in review or for new trial was filed, and the contention by respondent is that, for the reason no such motion was filed, there is nothing here for review but the record proper. The correctness of this contention is dependent upon the nature of the proceeding under the statute and the order or decree of the court made on the hearing allowing alimony to the wife *pendente lite*. In State ex rel. v. Seddon, 93 Mo. loc. cit. 522, the supreme court speaking on the subject of alimony in a divorce suit used the following language: "The power of the court to order and enforce an allowance for alimony *pendente lite,* although an adjunct of the action of divorce, is an independent proceeding standing upon its own merits, and in no way dependent upon the merits of the issues in the divorce suit, or in any way affected by the final decree upon those merits. It grows *ex necessitate rei* out of the relations between the parties to the controversy, and has nothing to do with the merits of that controversy." In the same case it was ruled that an order making an allowance of alimony *pendente lite* was a final one from which an appeal would lie. A like ruling was made in State ex rel. v. Court of Appeals, 88 Mo. 135; State ex rel. v. St. Louis Court of Appeals, 99 Mo. loc. cit. 222; Adams v.

Adams, 49 Mo. App. 592. In City of St. Louis v. Brooks, 107 Mo. 383, it is said by the supreme court, that "for all the purposes of a review in this court, the rulings of the trial court on motions made after final judgment stand on a different footing from those made during the progress of the cause. This court will review the action of the lower court on a motion to quash an execution, to pay over money on execution, to set aside a judgment for irregularity, to set aside an execution sale, and the like, though there is no motion for rehearing or new trial. A motion for new trial is unnecessary in such cases." Citing Bruce v. Vogel, 38 Mo. 101; Meek v. Hewitt, 48 Mo. 337; State v. Newkirk, 49 Mo. 472; Gale v. Michie, 47 Mo. 326; Slagel v. Murdock, 65 Mo. 522. A motion for alimony pending suit is unlike a motion to quash execution or other motion filed after judgment. Though an adjunct to the divorce suit it is independent of it; and is for all practical purposes (like an interplea in an attachment suit) independent of the principal suit and can not be disturbed by the result of that suit. From the nature of the proceeding we conclude that to authorize us as an appellate court to review the rulings of the trial court in its proceedings on the hearing of the motion for alimony *pendente lite,* it is essential that the appellant should have filed his motion for a rehearing or new trial before taking his appeal, and thus afforded the trial judge an opportunity to correct his errors. Having failed to do this there is nothing before us for review but the record proper, and no errors appearing therein, the judgment is affirmed. All concur.