[L. A. No. 1961. Department Two.—March 24, 1908.]

## JOHN B. CAMPBELL, Appellant, v. SANTA MARIA OIL AND GAS COMPANY, Respondent.

CORPORATION—SALE FOR STOCK—OFFER AND ACCEPTANCE—UNAUTHORIZED INDORSEMENT ON CERTIFICATE OF NON-ASSESSABILITY.—Where an offer is made to a corporation to sell it certain property for a certain number of shares of its "fully paid and non-assessable stock," a counter offer made by the corporation to buy the property and pay therefor in "fully paid stock," nothing being said about its non-assessability, and its acceptance by the seller, determines the contractual rights of the parties; and the unauthorized indorsement of the words "non-assessable" on the certificates of stock issued in payment for the property, has no effect in determining the rights of the original parties to the contract.

ID.—ASSESSMENT—DIRECTOR ESTOPPED TO QUESTION VALIDITY.— A director of a corporation, who voted affirmatively for the adoption of a resolution levying an assessment on the corporate stock, is estopped from questioning its legality. And such estoppel is equally effective against his assignee.

APPEAL from an order of the Superior Court of Los Angeles County refusing a new trial. M. T. Allen and Charles Monroe, Judges.

The facts are stated in the opinion of the court.

J. F. Conroy, for Appellant.

Wright, Bell & Ward, for Respondent.

HENSHAW, J.—This is an action brought by the assignee of one Kloeckner to recover certain stock sold for delinquent assessment under section 347 of the Civil Code. Defendant is a California corporation, having a capital stock of five hun-

dred thousand dollars divided into five hundred thousand shares of the par value of one dollar each. Plaintiff's right to relief is based upon his allegations of certain irregularities in the assessment and upon his claim that there was an agreement that the stock in question should be non-assessable. The court found against plaintiff's contentions. Judgment passed for the defendant and plaintiff appeals.

As plaintiff is but the assignee of Kloeckner, with whom all of the transactions of the corporation were had, his name may be dropped from consideration. Kloeckner and others were the lessees of certain oil land in Santa Barbara County. The owners of the leasehold concluded to incorporate for convenience in operating their property. To that end certain of them, including Kloeckner, subscribed to articles of incorporation and for five shares of the capital stock of the defendant company. The incorporation was duly had. At the first directors' meeting after the officers of the corporation had been chosen, Kloeckner, being one of the directors and secretary of the corporation, proposed that the corporation acquire the leasehold, if possible, from himself and his associates, "and to use in payment of the purchase, capital stock of the company to any amount not to exceed three hundred thousand dollars. The stock to be issued as fully paid and non-assessable by the company." At the stockholders' meeting next held, the stockholders requested the board of directors "to purchase said leasehold interest for the price of three hundred thousand dollars, payable in the fully paid stock of this company." After this action at the stockholders' meeting, another directors' meeting was held at which the proposition was fully discussed and it was resolved to acquire the leasehold estate "for three hundred thousand shares of the fully paid stock of this company." The offer thus formulated, the court finds was accepted and the leasehold conveyed to the corporation for three hundred thousand dollars of the fully paid capital stock of the company. The conveyance was actually made to the corporation, the stock ordered issued to Kloeckner and his associates in such proportion as Kloeckner himself directed upon payment by the purchasers of the United States revenue tax. Kloeckner, in fact, prepared these certificates for issuance. The stock certificates, which he himself, as secretary, procured to be printed, bore upon the face of each without

authority from the board of directors, the words "non-assess-able." The contention that the contract between Kloeckner and the company was for non-assessable stock is based upon these circumstances. . But it was not the mere offer of Kloeckner to sell the leasehold interest for three hundred thousand dollars of non-assessable stock which fixed the liability of the corporation, it was the offer which the corporation in turn made to Kloeckner, and which he accepted, which determines the rights of the parties. By that offer, and in the acceptance of that offer, it nowhere appears that non-assessability of the stock was a condition of the contract. In terms, the lease-hold was to be conveyed to the corporation for three hundred thousand shares of the fully paid capital stock of the company, and this in fact was done, and the circumstances that Kloeckner himself caused to be printed on the stock certificates of the company the words "non-assessable" can have no weight in determining the rights of the original parties to the contract, whatever effect the words might have if the stock had passed into the hands of an innocent purchaser, without notice.

It was pleaded by the defendant that Kloeckner was estopped from denying the validity of the assessment, in that he was a director of the defendant corporation and voted affirmatively for the adoption of the resolution levying the assessment. The court so found upon abundant evidence. That having participated in all of these matters; and, having voted as a director for the levying of this assessment, an estoppel is raised against Kloeckner's objections to the defects and irregularities in the assessment, is too well settled to require discussion. It is sufficient to refer to the cases of *Martin* v. *Burns Wine Co.*, 99 Cal. 357, [33 Pac. 1107]; *Macon and Augusta R. R. Co.* v. *Vason*, 57 Ga. 314; *Kansas City Hotel Co.* v. *Harris*, 51 Mo. 464; *Willamette Freighting Co.* v. *Stannus*, 4 Or. 263; *Stone* v. *Great Western Oil Co.*, 41 Ill. 86. As an estoppel, of course, binds the parties and their privies, the estoppel is equally effective against Kloeckner's assignee, plaintiff in this action. (*Kessler* v. *Ensley Co.*, 123 Fed. 559; *Union Dime Savings Bank* v. *Wilmot*, 94 N. Y. 228, [46 Am. Rep. 137].)

The final contention of the plaintiff is that he elected under section 347 of the Civil Code to pay, and tender to the

corporation, the amount of the assessment, with costs, but as the court holds, his averment was simply that he offered to pay the costs and assessment on the last day of the six months immediately preceding the sale. This offer was insufficient to entitle Kloeckner to redeem or to entitle him to bring the action under the section above cited, inasmuch as no tender of payment was made of the amount of interest.

For these reasons the judgment and order appealed from are affirmed.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.