[Civ. No. 834.   Second Appellate District.—December 19, 1910.]

J. E. WARD, Appellant, v. CALIFORNIA CELERY AND PRODUCE COMPANY, a Corporation, Respondent.

CORPORATIONS—ASSESSMENT UPON STOCK—REDUCTION OF ONE-HALF—STOCKHOLDERS NOT INJURED.—Although the directors of a corporation who have levied an assessment upon its capital stock outstanding cannot lawfully increase the same, yet they have power to reduce an assessment upon such capital stock of ten per cent thereon to five per cent, and its stockholders cannot complain that they are injured by such reduction.

ID.—SALE OF DELINQUENT STOCK—ESTOPPEL OF STOCKHOLDER AS DIRECTOR—MOVER OF REDUCTION ADOPTED.—Where a stockholder, whose stock had been sold to the corporation for nonpayment of the reduced assessment, less a credit in his favor against the corporation, was, as a director, the mover of the resolution for reduction of the assessment, which was unanimously adopted by the board of directors, he is estopped as a stockholder to complain of such reduction, or to insist that such sale of his stock was illegal, and amounted to a conversion of his stock.

ID.—MERE IRREGULARITY IN REDUCTION AND NOTICE OF DELINQUENCY—WAIVER OF COLLECTION—CODE PROVISION.—The reduction of the assessment, if objectionable at all, was, at best, a mere irregularity, and the notice of delinquency was, if faulty at all, faulty only in stating that a less amount was due on the assessment as levied against plaintiff's stock; yet under section 349 of the Civil Code, they were authorized to waive the collection of any portion thereof; and their action in reducing the assessment, if not valid otherwise, was

effective as waiving the right to collect more than one-half of the amount of the original assessment.

ID.—PROCEEDINGS IN REGULAR FORM—ESTOPPEL OF PLAINTIFF TO DENY REGULARITY.—It is held that the proceedings were in fact in regular form, and also that plaintiff, by his conduct, is estopped to assert any objection to their regularity.

ID.—ACTION FOR CONVERSION OF STOCK BY CORPORATION—FAILURE TO TENDER AMOUNT DUE—CONSTRUCTION OF CODE.—The provision of section 347 of the Civil Code, that no action must be sustained to recover stock sold for delinquent assessments upon the ground of irregularity in the assessment, or defect or irregularity in the sale, unless the party seeking to maintain such action tenders to the corporation, or the party holding the stock sold, the sum for which the same was sold, with interest, is equally applicable to a plaintiff who seeks to recover damages for the conversion of the stock by the corporation under a sale thereto, instead of the stock itself.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial. Z. B. West, Judge.

The facts are stated in the opinion of the court.

John E. Daly, for Appellant.

E. E. Keech, and R. Y. Williams, for Respondent.

JAMES, J.—Plaintiff brought this action to recover damages for the alleged wrongful conversion of two hundred and seventy-six shares of the capital stock of defendant corporation. The judgment was that he take nothing by his action, and he appeals from the judgment and from an order denying his motion for a new trial.

Plaintiff was the owner of the number of shares mentioned of the capital stock of defendant corporation on July 28, 1908. At that time he was a member of the board of directors of said corporation. Prior to July 28th, by proper resolution made and notice given, an assessment had been levied of ten per cent upon the capital stock of the company, which assessment was made payable on or before July 27, 1908. On July 28, 1908, at a duly called and assembled meeting of the board of directors, the plaintiff offered a resolution, which was unanimously adopted, in the following form, to wit: "Resolved, that this board hereby waives the collection of one-

half of the assessment of ten per cent upon the capital stock of the corporation duly levied on April 27, 1908, and hereby reduces the amount of said assessment to five per cent of said capital stock, to wit: $5 per share, and the treasurer, secretary and president are hereby authorized and directed to collect and receipt for said $5 per share of assessment in full satisfaction thereof. Resolved, that in the collection of said assessment the secretary and president is hereby authorized and directed to receive in full payment, or in payment *pro tanto,* of any such assessment the duly audited, allowed and unpaid bills or obligations of the corporation held by the stockholders or persons who make such payments.'' The plaintiff failed to make payment of any part of the amount of the assessment levied against the shares of stock held by him, and on the seventeenth day of August, 1908, his stock was offered for sale pursuant to a notice regularly given by the secretary of the corporation. This notice of sale was in accordance with the resolution adopted by the directors on the twenty-eighth day of July, 1908, and recited that the amount due on the stock of plaintiff was five per cent of the par value thereof. There was also credited to plaintiff the sum of $396.89 on account of an indebtedness owing by the defendant corporation to plaintiff, leaving a balance of $983.11 due on account of the assessment. No bidders appearing to make an offer to purchase the stock offered for sale to satisfy the amount due on account of said assessment, the president of the corporation bid in the stock, and it was thereupon declared sold to defendant.

The principal contention of the plaintiff made upon this appeal is, that the action of the board of directors taken on July 28, 1908, whereby a reduction was made in the amount of the assessment from ten to five per cent, was invalid, and that as the notice of delinquency and sale thereafter given followed in accordance with this resolution, the sale of the stock was void and without effect. Plaintiff insists that the action taken on and subsequent to the twenty-eighth day of July, 1908, was such a departure from a due course of proceeding under the original resolution fixing the amount of the assessment as to make such subsequent proceedings void. He therefore contends that he is entitled to recover the value of the stock sold. Section 349, Civil Code, provides: ''On

the day specified for declaring the stock delinquent, or at any time subsequent thereto and before the sale of the delinquent stock, the board of directors may elect to waive further proceedings under this chapter for the collection of delinquent assessments, or any part or portion thereof, and may elect to proceed by action to recover the amount of the assessment and the costs and expenses already incurred, or any part or portion thereof.'' It is very plain that the board of directors of defendant, at the time the action of July 28th was taken, did not intend to abandon proceedings instituted for the collection of the original assessment. Their action taken on that date was effective as waiving the right to collect more than fifty per cent of the amount of the original assessment. If the action on the part of the directors had been to increase the amount fixed in the original resolution levying the assessment, there is no doubt but that such action would have been illegal. But if it was the disposition of the board of directors at that time to collect only one-half of the amount of the original assessment, or any other proportion thereof, such action could hardly be complained of by any stockholder. Much less can the plaintiff here make complaint of that action, because he himself was at the time a member of the board of directors, and offered the very resolution by which it was determined to reduce the amount to be collected under the assessment to five per cent, instead of ten per cent, of the par value of the stock. Not only by his acquiescence, but by affirmative action taken by him in inducing to be done the very thing of which he complains, he is estopped from claiming any detriment suffered thereby. (*Campbell* v. *Santa Maria Oil and Gas Co.*, 153 Cal. 284, [95 Pac. 39] ; Civ. Code, secs. 3515, 3516.) Furthermore, in the view we take of the case, the action of the board in reducing the amount of the assessment, if objectionable at all, was at best a mere irregularity. The notice of delinquency published by the secretary, if faulty at all, was faulty only in the particular that it stated that a less amount was due on account of the assessment levied against plaintiff's stock than was actually owing by plaintiff. That his obligation was stated to be less than the amount actually due would not be ground for complaint on the part of the stockholder. Section 340, Civil Code, provides as follows: ''By the publication of the notice (the notice of delinquency published by

the secretary), the corporation acquires jurisdiction to sell and convey a perfect title to all of the stock described in the notice of sale upon which any portion of the assessment or costs of advertising remains unpaid at the hour appointed for the sale, but must sell no more of such stock than is necessary to pay the assessments due and costs of sale.'' It is admitted that all of the things were done and notices given which are required to be done and given in cases where corporate stock is sold for delinquent assessments, the only objection being that heretofore stated. It is our opinion that, not only were the proceedings in regular form, but if they were irregular, plaintiff by his conduct estopped himself from asserting any objection to their regularity. And it may be noted also that the plaintiff made no tender of any amount due, or claimed to be due, on account of the assessment, before bringing this action. In cases where proceedings such as those taken by the directors of this corporation are in fact irregular, and a sale of stock is made under them, such stock cannot be recovered unless the party seeking to maintain an action to recover it first pays or tenders to the corporation, or the party holding the stock sold, the amount for which the same was sold. (Civ. Code, sec. 347.) There is no reason why this requirement should not also be applicable to a party such as the plaintiff here, who seeks to recover damages for the conversion of the stock instead of the stock itself. (*Herbert Kraft Co. Bank* v. *Bank of Orland,* 133 Cal. 66, [65 Pac. 143].)

The objection that the sale at which plaintiff's stock was purchased by defendant was irregularly conducted is without merit.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.