ERNESTINE RUDD (NOW BEST), RESPONDENT, v. HARRY B. RUDD, APPELLANT.*

Kansas City Court of Appeals. February 11, 1929.

*Corpus Juris-Cyc References: Divorce, 19CJ, section 811, p. 352, n. 56; section 823, p. 360, n. 19; Motions, 42CJ, section 39, p. 479, n. 64; section 115, p. 502, n. 21.

*Cowgill & Popham,* for respondent.

*John B. Pew* and *Burr N. Mosman* for appellant.

LEE, C.—This is an appeal from an order of the circuit court modifying a divorce decree in so far as it affected the custody of a minor child. Plaintiff obtained a divorce from defendant on the 24th day of December, 1924, and was awarded the absolute custody of a minor child, Doris Marie Rudd. Thereafter, the defendant filed a motion to modify the decree and by consent of the parties the court entered an order on the 21st day of December, 1926, by which it was provided that the defendant, his mother, Harritt Rudd, and his aunt, Elizabeth T. Barbee, or one of them should have the temporary custody of the child within Jackson county, Missouri, only, on Saturday of each week and also for four non-consecutive weeks each summer during the school vacation period. On the 8th day of April, 1927, the plaintiff filed a motion to modify the decree which, omitting signatures and verification, is as follows:

"Comes now the plaintiff herein and moves and requests this honorable court to modify and set aside the order of December 18, 1926, amending and modifying the order of December 24, 1924, and to grant plaintiff, as in said original order granted, the absolute and complete custody and control of Doris Marie Rudd, the minor daughter of the parties hereto, and for grounds thereof, your movant alleges and shows that there have been such changes in the relations,

conduct, actions, position, abilities, feelings, station in life, desires, deserts, rights and entitlements of the parties hereto and those having interest in the custody of said child as to require said order for the best interests of said child and the parties and upon this your movant will ever pray the right to introduce evidence and for the relief herein sought.

"Wherefore, plaintiff prays the judgment of the court herein and for such further orders, decrees, modifications and judgments as shall in the judgment and discretion of this honorable court appear meet and just touching the rights of the parties and under all the facts and circumstances."

It appears from the record proper that on the first day of the June, 1927, term of court the following order was entered of record:

"Now on this day, comes plaintiff in person and by her attorney and comes defendant in person and by his attorney.

"Now this cause coming on for hearing upon plaintiff's motion to modify decree as to custody of Doris Marie Rudd, which said motion is by the court sustained and the custody of Doris Marie Rudd is awarded to the plaintiff.

"It is further ordered by the court that the defendant be allowed to see and visit said minor child at all reasonable times."

Thereafter, the defendant perfected an appeal and filed a bill of exceptions, but filed no motion for new trial. In this court the appellant attacks the motion to modify or petition for review on the ground that it fails to state facts sufficient to warrant the court's action in changing and modifying the decree. Appellant also complains that the evidence in support of the motion was wholly insufficient to warrant the order of the court. Respondent contends that the motion is sufficient after trial and that we may not review the evidence because no motion for new trial was filed.

We must first determine whether or not the allegations of the motion to modify the decree were sufficient to give the trial court jurisdiction to make the order that it did make. Such an instrument is sometimes called a petition to review and sometimes it is referred to as a motion. As a petition it was defective, because it pleaded nothing but conclusions. Nor is it any better as a motion, because our statute provides that all motions shall be accompanied by a written specification of the reasons upon which they are founded; and no reason not so specified shall be urged in support of the motion. [Section 1267, R. S. 1919.]

It therefore follows that the trial court might well have denied the respondent a hearing, because nothing but conclusions were pleaded. It is true that a pleading will often be held to allege facts although a witness would not be permitted to testify in the words of the pleading on the ground that the witness attempted to give his con-

clusions. Under our statute no party is required to state evidence in his pleading, nor is he required to disclose therein the means by which he intends to prove his case. [Section 1244, R. S. 1919.] It follows that a statement which would be regarded as the conclusion of a witness will often be regarded as the statement of an ultimate fact in a pleading. However, if the conclusion is so general that the opposing party cannot determine the nature of the charge against him from the face of the pleading or the motion, if the pleader merely alleges his conclusion that sufficient ultimate facts exist, the instrument charges conclusions of law and the allegations are insufficient.

It does not follow that a pleading which is thus defective will not support a judgment, nor that a motion thus defective will not support an appropriate order. Thus an answer which denies "each and every material allegation" of a petition may not be attacked for the first time after verdict, although it is plain that this pleads a conclusion of law. [Edmonson v. Phillips, 73 Mo. 57; Smith v. Lindsay, 89 Mo. 76.] It has many times been held that a general allegation of negligence is sufficient if it be not attacked before verdict. [Geninazza v. R. U. Leonari, etc., Co., 252 S. W. 417.] Likewise it has been held that an imperfection in a pleading which might have been remedied by an amendment or which might have been attacked by a motion to make more definite will not vitiate a judgment rendered thereon. [Haygood v. McCoon, 49 Mo. 77; Bowie v. Kansas City, 51 Mo. 464.]

And an issue raised upon the statement of a legal conclusion which presents the real point in controversy will be regarded as sufficient after verdict. [Ehrlick v. Mittelberg, 299 Mo. 284; Slaughter v. Slaughter, 106 Mo. App. 104; Jackson v. Railway, 80 Mo. 147.]

It is obvious that the allegations before us would be sufficient to support a judgment if they were contained in a petition. Although the pleader set forth nothing but conclusions, yet, those conclusions defectively set forth the very matters in issue.

The practice upon the trial of a motion is different from the practice upon proceedings under pleadings. The sufficiency of the allegation may be attacked orally. Furthermore, when a speaking motion is filed the general issue may be tendered by simply resisting the motion. No answer or other pleading to a motion is required. [42 C. J. 501.] Nevertheless, an irregularity in form, such as the failure to set forth the grounds of the motion, is deemed waived unless objection thereto is made at the first opportunity. [42 C. J. 479.] The failure of appellant to file a motion to make respondent's motion more definite is not, of itself, a waiver of the defects in the allegations. However, if appellant desired more particular information than was conveyed by respondent's motion, it was his duty to ask the court to dismiss the motion, or to ask, either orally or in

writing, that the motion be made more definite, or to object to the introduction of any evidence under the motion. He cannot invite the trouble and expense of a trial and the introduction of evidence, and then, after he has found himself unsuccessful upon the issues in which he joined, for the first time object that the issues were tendered by allegations of conclusions. We hold that respondents' motion to modify the decree, though defective is sufficient to sustain the order of the court.

We hold that we cannot weigh the evidence in this case for the reason that appellant failed to file a motion for new trial. It has been held in Missouri that the appellate court may review the action of the trial court on a motion to quash an execution, or to pay over money on execution, or to set aside a judgment for irregularity, or to set aside an execution sale, even though no motion for new trial has been filed. [City of St. Louis v. Brooks, 107 Mo. 380; l. c. 383; Steele v. Steele, 85 Mo. App. 224, l. c. 226.] However, there is another class of motions after judgment which are treated as independent proceedings; and after judgment on such motions a motion for new trial is required in order to authorize a review of errors on appeal. [Hemm v. Juede, 153 Mo. App. 259, l. c. 267; Lilly v. Menke, 92 Mo. App. 354.]

A motion to modify a divorce decree in so far as it effects the custody of children is in the nature of an independent proceeding. It is not like a motion to control an execution, where the only relief sought is the prevention of abuse of the proceeds which carries the final judgment into effect. On the trial of a motion to modify a divorce decree, all facts considered on the original trial are *res adjudicata,* and the evidence is restricted to the establishment of facts occurring after the original trial, not merely upon the question as to whether or not the judgment has been given its proper effect, but to determine the substantive rights of the parties. The relief is sought, not under the original decree, but independent of that decree. Therefore, a motion for new trial is necessary to enable the appellate court to review the evidence taken in such a proceeding. [Cole v. Cole, 256 S. W. 518; Deidesheimer v. Deidesheimer, 74 Mo. App. 234; Vordick v. Vordick, 205 Mo. App. 555; Arnold v. Arnold, 222 S. W. 997; Steele v. Steele, 85 Mo. App. 224; Erskine v. Loewenstein, 82 Mo. 305; Crow v. Mitchell, 44 Mo. App. 137.]

Appellant calls our attention to many cases where it has been held that a motion for new trial is not necessary to permit consideration of errors occurring on the trial of a motion after final judgment. In all except two of the cases cited, the motion was directed to the control of the execution or to an attack upon the judgment because of matters appearing upon the face of the record proper. However, Judge NORTONI, speaking for the St. Louis Court of Appeals, has

twice announced the rule that no motion for new trial was necessary when the appeal was taken from a motion after final judgment without stating the exception which applies to motions which are in the nature of independent proceedings, and where the proceeding under consideration undoubtedly was in the nature of an independent proceeding. In one of these cases, Pickel v. Pickel, 176 Mo. App. 673, the appeal was from an order allowing suit money after a final judgment for maintenance. In the other case, Graff v. Dougherty, 139 Mo. App. 56, the appeal was from the ruling of the court upon a motion to set aside a judgment on the ground that the jurisdiction of the court has been fraudulently invoked. In neither case was the statement of the rule necessary to a decision of the case. In both cases the court pointed out that no exceptions had been saved to the ruling of the trial court. It has always been held that exceptions must be saved and a bill of exceptions filed in order to preserve the evidence for review on appeal from an order made after final judgment, whether a motion for new trial is necessary or not. [City of St. Louis v. Brooks, 107 Mo. 380.]

The order of the trial court modifying the divorce decree is affirmed. *Lee, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.