**STATE of Missouri, Respondent,**

v.

**Olin KITCHIN, Appellant.**

No. 44628.

Supreme Court of Missouri.

Division No. 2.

Sept. 12, 1955.

Olin Kitchin, pro se.

John M. Dalton, Atty. Gen., John W. Inglish, Asst. Atty. Gen., for respondent.

STORCKMAN, Judge.

On October 17, 1933, the appellant, Olin Kitchin, pleaded guilty in the Circuit Court of Greene County to two charges of robbery with firearms. In each case he was sentenced to a life term in the state penitentiary where he has since been and is now confined serving his sentences. On August 27, 1954, Kitchin, pro se, filed in each of said cases a motion which he entitled "Motion for Non (Nunc) Pro Tunc Order." On the same day these motions were taken up by the court, considered and overruled. In due course Kitchin appealed in each case and orders were made permitting him to prosecute his appeal as a poor person. On the motion of the attorney general the appeals were ordered consolidated for purposes of appeal.

The motions, quite informally drawn, request that the court "delete from the records of the trial Court that portion of petitioner's judgments and sentences, cases 99922 and 99924, titled 'Deft. Arraigned and pleads guilty.' Which recites defendant appeared in court 'With counsel appearing in his behalf.' And, in the clerk's docket and judge's docket, cases 99922 and 99924, in the box opposite the printed word 'Atty.' where the name of (Fred or F. Stewart) appears, that the said name of 'Fred (or F.) Stewart' be deleted."

The clerk's and the judge's docket sheets are printed forms with spaces provided for the insertion of various information such as the names of the plaintiff and defendant and their respective attorneys, and the kind of cause of action involved. The forms also have lines for minute entries. In cause No. 99922 on the clerk's docket sheet the name of "Fred Stewart" is inserted as attorney for the defendant, Olin Kitchin, in the space designated for that information, and on the judge's docket sheet the similar space is filled in with the name of "F. Stewart." In case No. 99924 the clerk's docket sheet shows the name of "Fred Stewart" as attorney for the defendant, but the box or space for the attorney's name on the judge's docket sheet is left blank.

Identical orders were entered on October 17, 1933, in each case. These judgment entries each begin with this statement: "Comes now the prosecuting attorney of Greene County, who prosecutes on behalf of the state, as well as the defendant in his own proper person and counsel appearing in his behalf, * * *." Then follows the statement as to his arraignment, the plea of guilty and the assessing of his punishment at imprisonment for life, and the concluding part is an order "that the defendant stand committed unto the care and custody of the sheriff of this county to await sentence and judgment of the court herein." Under the same date, and presumably following immediately, is the judgment and sentence which begins with this recital: "Now, at this day comes the

prosecuting attorney of Greene County, who prosecutes on behalf of the state, and also comes the defendant in his own proper person, and in the custody of the sheriff of this county, * * *." Then follows the allocution and sentencing.

Thus, three out of four available spaces on the judge's and clerk's docket sheets are filled in and positively show that defendant was represented by counsel. Also it positively appears that counsel for defendant was present during the arraignment and plea of guilty although there is no affirmative showing that defendant's counsel continued to be present during the allocution and sentencing. On the other hand, there is no showing that the attorney withdrew from the case. Although the only relief requested under the present motions is the deletion of the names and phrases relating to defendant's representation by an attorney, this procedure is undoubtedly a forerunner, if successful, of an attempt by defendant to secure his release from prison on the ground that he was not represented by counsel at the time he pleaded guilty and received his sentence.

One of defendant's contentions on appeal is that the trial court denied his motion "without notice of formal hearing, without allowing petitioner the opportunity of presenting testimony of the actual person whose name is erroneously and fraudulently entered into the court record as attorney for defendant and with total disregard to appellant's rights to equal protection and due process, * * *." The record entry in each case, dated August 27, 1954, is as follows: "Now on this day Defendant files herein his motion for a nunc pro tunc order and said motion being now seen and fully considered is by order of the Court overruled."

While defendant's motion proper was short, the supporting statements, documents and exhibits added as an integral part of the motion filed made quite a comprehensive document. The motion itself was followed by these named sections: II Statement of the facts of the case. III Jurisdiction. (This section contained citations and quotations from cases.) IV Contentions. V Basic Question. VI Evidence submitted. VII Argument. (Also containing citations and quotations from cases.) VIII Exhibits. A. Photostat copy of notarized affidavit of Fred Stewart. B. Photostat copies of certified copies of: Information; Judge's docket; Clerk's docket; Judgments and sentences in cases 99922 and 99924; and IX Conclusion. All of this was sworn to by the defendant.

■ Since the evidence upon which the petitioner was depending was either of record or covered by the affidavit and exhibits attached to the motion and the petitioner submitted his brief of authorities with the motion and concluded his motion with a prayer that the court issue a nunc pro tunc order "upon the authorities cited herein and the evidence presented," the petitioner indicated a purpose and intent to submit his motion to the court without further hearing. To submit a controversy or action in court means "to refer or to place it before the court for determination." 83 C.J.S., Submission, p. 557. If the defendant considered that he had made a plenary presentation by the motion and the accompanying exhibits and legal briefs, he could voluntarily relinquish his right, if any he had, to a further hearing.

■ We must keep in mind that a motion, unlike other proceedings, is at issue without further pleading since no answer or other pleading to a motion is required. Rudd v. Rudd, 223 Mo.App. 472, 13 S.W.2d 1082, 1084. Defendant makes no claim or contention that he has further evidence which he was unable to get before the court except that he wanted to "present the testimony of the actual person," Fred Stewart, presumably in addition to his affidavit. The usual method of supporting motions is by affidavit and the trial court is vested with a considerable discretion as to when the reception of evidence in support of motions will be closed and defendant has shown no abuse of discretion in this case. Henry v. Diviney, 101 Mo. 378, 13 S.W. 1057, 1058-1059.

Furthermore, if defendant did not intend to submit his motion at the time of filing and believed that his constitutional right of due process of law had been violated, he should have raised the objection at the earliest opportunity which, in this instance, would have been in a motion for new trial, and by failing to do so he waived the objection. Such procedure would also have given the trial court an opportunity to correct its error, if any. Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 113 S.W. 1108; Laret Inv. Co. v. Dickmann, 345 Mo. 449, 134 S.W.2d 65.

On the merits petitioner urges that he is entitled to have the record "corrected" by the elimination of all reference to his being represented by an attorney at the time he pleaded guilty and was sentenced on October 17, 1933. In his sworn motion, defendant denies that he had legal counsel at the time of the 1933 hearing. He further attaches to his motion the affidavit of Fred Stewart which states in substance that Stewart represented the defendant "for the sole purpose of filing the habeas corpus petition in the circuit court and making an appearance at the hearing on the writ," but that he did not represent the defendant "in any criminal action by the state against Olin Kitchin." Neither the testimony of the defendant nor that of Fred Stewart can be considered on the issue raised by the motion since an order for an entry nunc pro tunc cannot be based on parol evidence even though it be the testimony of the judge presiding at the time the entry was erroneously made or omitted. State v. Libby, 203 Mo. 596, 102 S.W. 641, 642; Burton v. Burton, 288 Mo. 531, 232 S.W. 476, 477. In State v. Jeffors, 64 Mo. 376, 378, this court well stated the prevailing rule:

"The power possessed by courts to make nunc pro tunc entries in a cause, after the end of a term, does not authorize the entry of an order which ought to have been made, but only those which were actually made, the evidence of which is preserved by some minute made at the time. Evidence aliunde cannot be resorted to for such purpose.

To allow such entries to be made on facts resting in the mere memory of witnesses, and their statements as to what occurred, would be to establish a rule which would breed the utmost confusion and uncertainty, and make courts of record everything except what the law intends them to be. Neither can such entry be made after the end of the term upon the knowledge of the judge himself."

Similarly, under the Missouri practice, a writ of error coram nobis cannot be used to dispute and impeach by parol evidence an affirmative showing in the record. State v. Terrell, Mo., 276 S.W.2d 219; State v. Harrison, Mo., 276 S.W.2d 222.

The rule of law is well established that after a judgment has become final, an order of correction nunc pro tunc cannot be made unless it is based upon some entry, minute or notation in the record, or some paper on file in the case. State ex rel. Holtkamp v. Hartmann, 330 Mo. 386, 51 S.W.2d 22; E. C. Robinson Lumber Co. v. Hazel, Mo.App., 271 S.W.2d 610; Abbott v. Seamon, Mo.App., 229 S.W.2d 695. Defendant contends that the *lack* of a notation in one out of four places on the clerk's and judge's docket sheets and a *failure to state* again in the judgment record of the sentencing the presence of counsel should be sufficient to erase and obliterate from the records the positive showings that defendant was represented by counsel. He would have us accentuate the negative rather than the positive, which generally is the opposite of what the rule intends. We also apply to the records in this case the rule that positive evidence is of greater weight than negative evidence where the source or sources are the same or equally credible. Borrson v. Missouri-Kansas-Texas R. Co., 351 Mo. 214, 172 S.W.2d 826.

Among the cases cited by the defendant are Bunch v. Paxton, Duke & Bradley, Mo.App., 295 S.W. 474, which was an action to rescind the purchase of an automobile and to recover the amount paid. The judgment was held technically wrong on the facts of the case in designating the amount

of plaintiff's recovery as damages and the excess words were accordingly stricken. State ex rel. Kersey v. Sims, Mo.App., 286 S.W. 832, held that a personal judgment could not be rendered in an action by the collector of revenue for the collection of drainage district taxes and the unnecessary words of the judgment were stricken. In Ex parte Messina, 233 Mo.App. 1234, 128 S.W.2d 1082, the petitioner was discharged on a writ of habeas corpus because he had been arrested as a fugitive eight years before and a judgment rendered which was a bar to the present proceedings. The decision discusses the function of motions for orders nunc pro tunc and writs of error coram nobis. Neither these nor the other cases cited by the defendant support the defendant's contention, and we find no reversible error in the record.

For the reasons given, the judgment is affirmed.

All concur.