CHARLOTTE SUPPLY COMPANY v. BURRISS METAL
ROOFING COMPANY.

(Filed 20 November, 1912.)

1. Contracts — Consideration —Concurrent Duties—Breach—Readiness and Ability of Performance.

When a contract has concurrent stipulations to be performed by the parties as the consideration to support it, it is necessary, in order for one of the parties to recover damages arising from the breach thereof by the other, to prove his readiness and ability to fulfill his part thereof.

2. Same—Principal and Agent—Sales Agent.

In an action by a sales agent against his principal for damages arising from the latter's failure to supply the goods contracted by him to be furnished, it appeared that the plaintiff had agreed to sell a certain quantity of goods per annum, and in consideration thereof the defendant was to manufacture and furnish that amount; that neither the plaintiff sold, nor the defendant could have furnished the amount contracted for. The defendant having set up a counterclaim for damages arising

from the plaintiff's default under the contract sued on, it is *Held*, that a nonsuit as to the plaintiff was properly granted, and that the defendant could not recover on his counterclaim, as neither could show readiness and ability to comply with the stipulations that had been agreed upon by each to perform.

APPEAL by plaintiff from *Justice, J.*, at September Term, 1912, of MECKLENBURG.

Civil action to recover damages for breach of contract. Defendant having denied liability, set up counterclaim for damages by reason of breach of same contract by plaintiff.

On facts stated in the pleadings, with certain admissions formally made by the parties, the court below sustained a demurrer *ore tenus* to plaintiff's cause of action and to defendant's counterclaim, and both plaintiff and defendant excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Hoke.*

*Hugh W. Harris for plaintiff.*
*R. S. Hutchison and Burwell & Cansler for defendant.*

PLAINTIFF'S APPEAL.

HOKE, J. Plaintiff alleged that on the first of October, 1909, plaintiff and defendant entered into a contract whereby plaintiff was constituted, for two years, sole agent for sale of "Burriss patent metal shingle," which defendant was to manufacture and supply on orders from plaintiff at a specified price per square. That defendant had failed to supply shingles, as stipulated, to plaintiff's great damage, and on 31 October, 1910, present suit was instituted to recover for said breach of contract.

Defendant having duly denied liability, set up a counterclaim for breach of the same contract, and alleged that defendant had made the contract as stated and had entered on the manufacture of said shingles in North Carolina under a license from John T. Burriss, the patentee. That having small capital, they were dependent on amount of shingles sold for means of carrying on the enterprise. That the contract, made an exhibit of the complaint, required that plaintiff should make proper effort to put

the product on the market and to furnish orders to "an amount not less than 5,000 squares per annum." That plaintiff the first year had only obtained orders for 2,080 squares of said shingles, and by reason of such failure and refusal on the part of the plaintiff to comply with the terms of the contract to give orders for the number and amount of shingles called for in the contract and to take such number, defendant suffered great financial loss, its business was broken up, etc., and defendant was thereby compelled to suspend business and relinquish its rights under its contract with Burriss, etc.

When the cause was called for trial there was formal admission made by defendant, treated as an additional averment in the complaint, "that as a matter of fact plaintiff had only succeeded in procuring orders for 2,080 squares of shingles for defendant for the first year, to wit, on or before 10 October, 1910," and on such admission, in connection with the other facts shown in the pleadings, and on perusal of the contract, we think his Honor correctly ruled that no recovery by plaintiff was permissible. The case presented an action for breach of a contract having concurrent stipulations, and where, in order to a recovery, there must be allegation and proof of a readiness and ability to perform by the party seeking relief.

In *Ducker v. Cochran,* 92 N. C., pp. 597-600, *Chief Justice Smith,* delivering the opinion, said: "The proposition is too plain to need any reference to authority in its support, that a party to a contract cannot maintain an action against another for its breach, without averring and proving performance of his own antecedent obligations or some legal excuse for nonperformance, or, if the stipulations are concurrent, his readiness and ability to perform." This statement has been quoted with approval in *Corinthian Lodge v. Smith,* 147 N. C., 246; *Tussey v. Owen,* 139 N. C., pp. 457-461, and the principle is one very generally recognized in our decisions. *Wildes v. Nelson,* 154 N. C., 590; *Hughes v. Knott,* 140 N. C., 550.

There is no error, and the judgment of his Honor sustaining the demurrer must be affirmed.

Affirmed.

DEFENDANT'S APPEAL.

Hoke, J. On trial of the cause there was admission formally made by defendant and treated as an additional averment on its counterclaim, that on 10 October, 1910, and for some time prior thereto, it had on hand ready for delivery only 800 squares of shingles referred to in the contract, and it would have taken thirty days from that date within which to have filled the order for the balance of the 5,000 squares of shingles which plaintiff contracted to give orders for during the first year of the contract. There is also the further admission in the answer that defendant is utterly unable to further comply with the contract. As we have just held in disposing of plaintiff's appeal, this is a counterclaim for breach of a contract having concurrent stipulations, and where, in order to a valid recovery, there must be allegation and proof of a readiness and ability to perform. We think the additional facts referred to could be very properly considered as an admission by defendant that it was not ready or able to perform within the time specified, and that recovery on the counterclaim was properly denied.

In *Hughes v. Knott, supra,* affirming the same case, in 138 N. C., 410, on a contract presenting practically the same question, the Court held:

"1. Where the defendants agreed to deliver a certain quantity of tobacco f. o. b. cars in Raleigh on 1 July, to the plaintiffs, who agreed to receive and pay for it at that time, and neither party was ready to comply on that day, but both were able to comply on 4 July, when the plaintiffs made a demand, which was refused, and there was no extension of time, plaintiffs are not entitled to recover the tobacco.

"2. Neither party to a contract can demand performance by the other without alleging and proving his own readiness to perform by the other without alleging and proving his own readiness to perform his part of the contract at the specified time and place."

The authority, in our opinion, is decisive, and the judgment sustaining the demurrer to defendant's counterclaim is

Affirmed.