EVERETT B. CLARK SEED COMPANY v. JENNETTE BROTHERS COMPANY.

(Filed 22 February, 1928.)

**1. Contracts—Construction—Conditions—Breach.**

Where the contract for the sale of goods to be shipped at stated intervals with certain terms of credit to the purchaser, provides that at the seller's election he has the right to demand cash payment, if at any time it considered that the purchaser's credit was unsatisfactory, evidence that the purchaser became in arrears under the contract by inability to pay according to its terms, is sufficient for the seller to exercise his right to cancel the credit, and to demand cash before making further shipments according to the other terms of the contract.

**2. Contracts—Actions for Breach—Requisites.**

A party to a contract cannot maintain an action to recover damages from the other party for its breach, without showing performance or readiness to perform the material obligations resting upon him thereunder, as a consideration therefor.

**3. Appeal and Error—Review—Remand.**

Where the plaintiff is entitled to judgment in an action arising on contract, wherein the defendant sets up a counterclaim that cannot be maintained, and each is given judgment against the other, respectively, the case will be remanded for a proper judgment to be rendered in the lower court.

APPEAL by plaintiff from *Moore, Special Judge,* at Special October Term, 1927, of PASQUOTANK. Reversed and remanded.

Action upon note executed by defendants and payable to plaintiff. In defense, defendants plead as a counterclaim damages resulting from breach of contract by plaintiff. At the close of the evidence plaintiff moved for judgment as of nonsuit upon the counterclaim. Motion denied.

The issues submitted to the jury were answered as follows:

"1. Are the defendants indebted to plaintiff, and if so, in what sum? Answer: $1,195.

"2. Did the plaintiff and the defendants enter into the contract of March 15, 1924? Answer: Yes.

"3. Were the defendants ready, able and willing to comply with said contract? Answer: Yes.

"4. Did! the plaintiff wrongfully refuse to comply with said contract? Answer: Yes.

"5. What damage, if any, are the defendants entitled to recover? Answer: $1,162.50, with interest from 1 February, 1925."

From judgment upon the verdict, plaintiff appealed to the Supreme Court.

*Worth & Horner for plaintiff.*
*Aydlett & Simpson for defendants.*

CONNOR, J. The first and second issues were answered by consent. Defendants admitted the execution of the note set out in the complaint; there was no controversy as to the amount due on this note. Plaintiff admitted the contract as alleged in the answer, but denied its breach, as alleged therein. The controversy between the parties was, therefore, submitted to the jury upon the third, fourth and fifth issues. The burden upon these issues was upon defendants. At the close of the evidence offered by defendants upon these issues plaintiff moved for judgment as of nonsuit upon defendant's counterclaim, and duly excepted to the refusal of the court to allow its motion. No evidence was offered by plaintiffs.

Upon its appeal to this Court plaintiff relies chiefly upon its assignment of error based upon its exception to| the refusal by the court of its motion for judgment as of nonsuit upon defendants' counterclaim. *Tarault v. Seip,* 158 N. C., 363.

By its contract with defendants, dated 15 March, 1924, plaintiff agreed to sell and deliver to defendants, on or before 1 December, 1924, f.o.b. Greenbay, Wisconsin, certain seed, in the amounts, at the prices and subject to the terms and conditions therein set out. With respect to the payment by defendants for said seed, it is provided as follows:

"4. Payment by the purchaser of the purchase price shall be made either by a sixty days acceptance, or less a discount of 1½% if paid in ten days from date of shipment of seeds; provided, however, that if at any time the financial condition of the purchaser becomes unsatisfactory to the seller, the purchaser agrees upon the receipt of written notice to that effect, and upon demand by the seller, to pay for the seeds forthwith in advance of delivery, less a cash discount of one-half of one per cent per month, from date payment is made to the first day of March

SEED CO. *v.* JENNETTE BROS.

next following. In the event that such payment is not made within ten days from the receipt of such' demand for payment, the seller shall have the right to cancel this contract."

On 10 November, 1924, plaintiff wrote to defendants, advising them that it was ready to ship the seed, in compliance with the contract. Defendants did not reply to this letter. On 1 December, 1924, plaintiff again wrote to defendants as follows:

"Our letter of 10 November remains unanswered. We, therefore, hereby give you notice that we require payment in advance of shipment for the seed peas due you on your contract order with us dated 15 March, 1924. Provided said payment is not received by us in accordance with the provisions of that contract within 10 days from this date, namely, not later than 10 December, and unless said payment includes $1,000, due us from last season's account with accrued interest, shipment will not be made, and we shall regard the contract of 15 March, 1924, canceled, and thereafter null and void."

. This letter was received by defendants, who replied thereto on 8 December, 1924, as follows:

"We are in receipt of your letter of 1st inst. We carefully note all you have to say. In regard to your letter of 10 November, we have never seen same until today. We have been hunting for it since receiving your letter. We found it discarded with some old letters, and it had never been opened. Of course we are willing for you to include the old account in the draft. You stated in your letter you expected us to pay in advance of the shipment, including the old account. You didn't include any bill and didn't say what percentage you expect to deliver. Now we are sorry this has occurred and sorry we have kept you out of your money, but we have never had the slightest intention you should lose it, but we have just been up against it and could not help it. We will show you before our dealings are over that we did the best we could."

Defendants at no time thereafter paid or offered to pay the purchase price of the seed in advance, as demanded in writing by plaintiff. By the express terms of the contract plaintiff, therefore, had the right to cancel the contract, and thereby relieve itself of further obligations thereunder. This it did. The contract having been rightfully canceled by plaintiff, defendants are not entitled to recover upon their counterclaim.

There was no evidence tending to show that defendants at any time after 1 December, 1924, and prior to the cancellation of the contract by plaintiff, were ready, willing or able to comply with plaintiff's demand that the purchase price of the peas should be paid in advance of delivery of same to defendants f.o.b. Greenbay, Wisconsin. All the evidence tends to show that defendants were urging plaintiff to waive its right to demand payment in advance, and to ship the peas before such payment, upon the ground that they were unable to pay in advance, because of their financial condition. Plaintiff had no right under the contract to demand payment of the balance due on the previous year's business, as a condition precedent to delivery, but defendants made no objection to this demand, nor did they offer to pay the sum which plaintiff had a right to demand under the contract.

It is well settled that a party to a contract cannot maintain an action to recover damages for its breach by the other party, without showing performance or readiness to perform his part of the contract. In the absence of such showing, there can be no recovery by him on the contract. *Edgerton v. Taylor,* 184 N. C., 571.

There was error in refusing plaintiff's motion for judgment as of nonsuit, at the close of all the evidence, upon defendant's counterclaim. For this error the judgment must be reversed. Plaintiff is entitled to judgment against defendants upon the answer to the first issue. The action is remanded that judgment may be so entered in the Superior Court.

Reversed and remanded.