## J. A. MATTHEWS v. SOUTHERN FIRE INSURANCE COMPANY.

(Filed 28 March, 1928.)

**Insurance—Liability of Insurer—Evidence—Sufficiency.**

Where the period covering the liability of an insurance company for theft of an automobile expires at noon of a certain day, the burden of proof is on the plaintiff in his action to show that the theft occurred before the date named, and evidence that raises a mere conjecture is not sufficient to resist defendant's motion as of nonsuit.

APPEAL by defendant from *Cranmer, J.,* at September Term, 1927, of SAMPSON. Reversed.

Action to recover upon policy of insurance issued by defendant to plaintiff, insuring plaintiff against loss by theft of his automobile.

The policy was issued on 20 October, 1924; it expired by its express terms at noon on 20 October, 1925.

Plaintiff's allegation that his automobile was stolen from his garage on the night of 19 October, 1925, was denied by defendant.

From judgment on the verdict, sustaining the allegations of the plaintiff, defendant appealed to the Supreme Court.

*Roscoe Butler for plaintiff.*
*Faircloth & Fisher for defendant.*

CONNOR, J. There was evidence at the trial in the Superior Court tending to show that plaintiff's automobile was stolen from the garage at his home, on State Highway No. 60, about seven miles from Clinton, the county-seat of Sampson County, during the month of October, 1925. Defendant, however, is not liable on its policy for the loss of the automobile, by theft, unless it was stolen prior to the expiration of its policy at noon, 20 October, 1925.

A careful scrutiny of the evidence set out in the case on appeal, in accordance with the rule applicable upon a motion for nonsuit, repeatedly stated and enforced by this Court, fails to disclose any evidence from which the jury could find that the automobile was stolen prior to noon, 20 October, 1925. There was evidence tending to show that plaintiff last saw his automobile on the night of 19 October, 1925, when he put it in his garage. He discovered its loss on the morning of 21 October, 1925. Whether it was stolen on the night of the 19th, during the day of the 20th, or on the night of the 20th of October, is left to conjecture. There was no evidence from which the jury could find the fact upon which plaintiff's right to recover in this action is founded, to wit, that the automobile was stolen after plaintiff had put it in his garage, and prior to noon, 20 October, 1925. *Dickerson v. R. R.,* 190 N. C., 292; *Whittington v. Iron Co.,* 179 N. C., 649; *Lewis v. Steamship Co.,* 132 N. C., 904.

Defendant's assignment of error, based upon its exception to the refusal of the court to dismiss the action as upon nonsuit, in accordance with its motion at the close of all the evidence, must be sustained. The judgment is

Reversed.