POE & BENFIELD v. J. N. GILL.

(Filed 12 June, 1929.)

Contracts F b—Prior breach of contract by one party precludes his recovery for subsequent breach by other party who may recover on counterclaim therefor.

Where the purchaser of standing timber has knowledge of the right of his vendor's mortgagee to stop him from cutting timber on the *locus in quo* until a certain amount had been paid the mortgagee, and enters upon the land and cuts and manufactures timber under a provision that he pay therefor when sold, and there is evidence that he has not paid accordingly, and some time thereafter the mortgagee exercises his right to stop the cutting, and soon thereafter the vendor satisfies him and acquires the right to have the purchaser continue under his contract of sale of the timber, which the purchaser does not do: *Held*, the purchaser's action for damages for breach of contract is not upon warranty or covenant of peaceful enjoyment of the right of cutting timber, etc., and an instruction that the vendor's breach in the respect stated would prevent his recovery upon his counterclaim for the purchaser's breach is reversible error.

APPEAL by defendant from *Schenck, J.*, at September Term, 1928, of McDOWELL. New trial.

Action to recover of defendant damages for breach of contract. Defendant denied that he had breached the contract and alleged that plaintiffs had failed to perform said contract, on their part, and thereby caused him to suffer damages for which he demanded judgment against plaintiffs.

The issues submitted to the jury were answered as follows:

1. Did the defendant, J. N. Gill, breach his contract with the plaintiffs, Poe & Benfield, as alleged in the complaint? Answer: Yes.

2. If so, what amount are the plaintiffs, Poe & Benfield, entitled to recover of the defendant, Dr. J. N. Gill? Answer: $5,250.

3. Did the plaintiffs, Poe & Benfield, breach their contract with the defendant, Dr. J. N. Gill, as alleged in the answer? Answer: ........

4. If so, what amount is the defendant, Dr. J. N. Gill, entitled to recover of the plaintiffs, Poe & Benfield? Answer: ........

Under the instructions of the court, the jury having answered the first issue, "Yes," did not answer the 3rd and 4th issues.

From judgment on the verdict, defendant appealed to the Supreme Court.

*Winborne & Proctor and W. T. Morgan for plaintiffs.*
*Hudgins, Watson & Washburn and Pou & Pou for defendant.*

CONNOR, J. On 25 August, 1926, plaintiffs and defendant entered into a contract, in writing, by which defendant agreed to sell and convey to plaintiffs, "a certain tract of timber in McDowell County, North Carolina, same being on the lands known as the R. L. Greenlee land, and being near the Greenlee railway station on the Southern Railroad, and containing approximately one million feet of timber." Plaintiffs agreed to pay to defendant as the purchase price for said timber $7.00 per thousand feet.

The plaintiffs agreed to log and saw said timber, and to sell the lumber manufactured therefrom; they agreed to pay for said lumber when the same was sold, the money to be paid to defendant or to be deposited to his credit in a bank at Marion, N. C., from time to time as the lumber was sold.

At the date of said contract there was outstanding a mortgage on said timber and on the land on which it was located. This mortgage had been executed by defendant to R. L. Greenlee, from whom defendant had purchased the land, to secure the balance due by defendant to said Greenlee on the purchase price for said land. It was understood and agreed by and between defendant and the mortgagee that no timber should be cut and removed from said land, until the sum of $5,000 had been paid on the indebtedness secured by the mortgage. Plaintiffs alleged that defendant had agreed to procure the release of the timber from the mortgage, so that plaintiffs might cut and remove the same.

After the execution of the contract between plaintiffs and defendant, plaintiffs began to cut and manufacture said timber into lumber. Plaintiffs sold the said lumber from time to time, but failed to pay for same in accordance with the contract. They continued their operations until some time in the spring of 1927, when they ceased to cut and manufacture said timber into lumber. They allege that they were forced to cease their operations under the contract, because defendant had failed to pay to Greenlee the sum of $5,000, and that defendant ordered and directed them to cease said operations for that reason. This allegation is denied by defendant; he alleged that plaintiffs had failed to comply with their contract to pay for said timber as the lumber manufactured therefrom was sold. There was evidence tending to show that Greenlee, the mortgagee, waived his right to restrain defendant and plaintiffs from cutting and removing said timber, notwithstanding defendant had not paid him the sum of $5,000, until about 15 March, 1927, when he notified both defendant and plaintiffs that they must cease to cut and remove timber from said land, until defendant had paid him the sum of $5,000. There was evidence tending to show that defendant notified plaintiffs that they must cease their operations under the contract until he had satisfied Greenlee, and that plaintiffs thereupon did cease their

said operations. In a short time thereafter defendant satisfied Greenlee, who thereupon withdrew further objection to the cutting and removing of said timber. Plaintiffs, however, did not renew their operations. There is no evidence tending to show that plaintiffs offered, thereafter, to continue to. log and saw said timber, and to manufacture the same into lumber. There was a settlement between plaintiffs and defendant in June, 1927, for the amount due by plaintiffs to defendant on the purchase price of timber cut and removed from the land prior to the date when plaintiffs ceased their operations under the contract.

The court instructed the jury that if plaintiffs "were caused to stop either by Gill or Greenlee, who had a right to stop them, then that would be a breach of the contract on the part of Gill; if either Gill or Greenlee stopped the operations of plaintiffs, Poe & Benfield, that would constitute a breach of the contract, and that is the breach of the contract alleged in the complaint."

This instruction was error; this is not an action to recover damages for breach of covenant of title or of quiet enjoyment, but for the breach of his contract by defendant, J. N. Gill, in failing to procure the release of the timber from the mortgage which he had executed to Greenlee, thereby causing plaintiffs damage. Plaintiffs entered into the contract with defendant, with knowledge both actual and constructive, of the outstanding mortgage to Greenlee, and of his right as mortgagee to restrain them from cutting and removing the timber. The exercise of this right by Greenlee was not a breach by defendant of his contract with plaintiffs. There was evidence tending to show that defendant ordered plaintiffs to stop cutting the timber, not because of any objection on the part of Greenlee, but because plaintiffs had failed to pay for the timber as the lumber manufactured therefrom was sold.

There was evidence tending to show that plaintiffs had failed to comply with the contract, on their part, in that they had failed to pay for the timber as the lumber manufactured therefrom was sold, and that by reason of this default on their part, defendant had been unable to pay to Greenlee the sum of $5,000; and thereby procure the release of the timber from the mortgage. There was evidence, also tending to show that plaintiffs had failed to comply with the contract, in other respects, prior to the time when they ceased operations thereunder. In the absence of allegation and proof that plaintiffs had complied, at least substantially, with the terms of the contract, or that they were ready, willing and able to do so, they are not entitled to recover of defendant in this action. *Seed Co. v. Jennette Bros.,* 195 N. C., 173, 141 S. E., 542; *Edgerton v. Taylor,* 184 N. C., 571, 115 S. E., 156; *Owens v. Wright,* 161 N. C., 127, 76 S. E., 735; *Builders Supply Co. v. Roofing Co.,* 160 N. C., 443, 76 S. E., 498.

There are other assignments of error on defendant's appeal in this case, which do not require consideration, as there must be a new trial, for the error in the instruction to the jury as indicated.

New trial.