H. O. Carlton et al., Trading as The American Laundry of West Frankfort, Appellants, v. George W. Smith, Appellee.

Opinion
filed May 8, 1936.

FRANK E. TROBAUGH, of West Frankfort, and FRED G. BIERER, of Murphysboro, for appellants; STEPHEN E. BRONDOS, of West Frankfort, of counsel.

ISAAC K. LEVY, of Murphysboro, and LOYD M. BRADLEY, of Carbondale, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

On July 25, 1928, appellants brought suit in the circuit court of Jackson county to recover from appellee

damages claimed to be resultant from a failure of the latter to perform a contract entered into between said parties for the sale of a laundry business in the city of West Frankfort. A demurrer to the declaration being sustained, appellants took leave to file additional counts thereto, which same was done, and such counts designated as five to eleven inclusive. Appellee demurred to the additional counts and the court held with him. Appellants refused to plead further and judgment was entered against them in bar of the action and for costs, from which judgment this appeal has been perfected.

The clause of the contract of sale, which forms the basis of this suit, and upon which each count is based, reads: "Parties hereto agree that this agreement is subject to the procurement of a satisfactory lease between second party and owner of building wherein business is now located." Appellee being the one designated as "second party."

Counts six, eight and nine, after reciting such clause, further aver that at the time and prior to the execution of the written contract, the parties thereto verbally agreed with each other that if the appellee could secure from the owner of the building in which the business was being conducted, a lease, such as was in effect between the owner and appellants, that he (the appellee) would be satisfied therewith. Appellee contends that to permit such to be pleaded and proven would be to vary the terms of the written agreement.

It will be observed that the terms of the clause in question are unambiguous, clear and easy of understanding. Where such is true, the primary rule that all antecedent negotiations are merged into the written agreement, as the final repository of the intentions and understandings of the parties, is controlling, and the contract may not be varied or explained by showing a contrary parol agreement. *Schweickhardt v. Chessen,* 329 Ill. 637; *Robinson v. Yetter,* 238 Ill. 320.

We think the demurrer to these counts was properly sustained.

Count number ten sets out the written contract, including said clause, but does not aver a compliance therewith, that appellee either procured such a lease as was satisfactory to him, or that he wilfully and purposely refused to do so. We think such a condition precedent to appellants' right of recovery, and that same should have been so alleged.

The rule of law is that where a right of action depends upon the performance of an antecedent condition, the pleader must aver that such has been met, or a legal excuse for its nonfulfillment. *Meyers v. Phillips,* 72 Ill. 460; *Mumaw v. Western & Southern Life Ins. Co.,* 97 Ohio St. 1, 119 N. E. 132; 13 Corpus Juris, p. 724, sec. 847. The count failed to allege this necessary element, hence was obnoxious to the demurrer.

In counts five and seven it was charged that the owner of the building tendered to appellee a lease, which was satisfactory to the latter, but that appellee, however, capriciously and to avoid the terms of the contract, and to evade his obligations thereunder, refused to accept such lease. It is the position of appellee that the averment is merely the statement of a conclusion, and that facts should be pleaded from which such inference might be drawn.

Whether a lease, satisfactory to appellee, was in fact tendered to him by the owner of the building, was an ultimate fact, the existence of which was essential to appellants' right of recovery. The rule appears to be that it is competent for the pleader to allege ultimate facts, notwithstanding that they to an extent represent conclusions. *Crane v. Schaefer,* 140 Ill. App. 647; *Curtiss v. Livingston,* 36 Minn. 380, 31 N. W. 357; *California Packing Corp. v. Kelly Storage & Distributing Co.,* 228 N. Y. 49, 126 N. E. 269; *Western Travelers' Accident Ass'n v. Munson,* 73 Neb. 858,

103 N. W. 688; *Rudd v. Rudd*, 223 Mo. App. 472, 13 S. W. (2d) 1082.

The averment of such ultimate fact is necessarily a conclusion drawn from intermediate and evidential facts, and we are of opinion that appellants could not differently have charged the fact unless they had pleaded the evidential matters from which the deduction was made, which would have been repugnant to the fundamental rule that evidence should not be pleaded. *Zimmerman v. Willard*, 114 Ill. 364. We do not think the objection thus argued is tenable, and are of opinion that the demurrer to these counts should have been overruled.

The eleventh count charged that appellee, notwithstanding his contract obligation so to do, did not endeavor or attempt in any way to obtain from the owner of the building in which the laundry was then located a satisfactory lease therefor.

The enforcement of the contract was by its terms dependent upon "the procurement of a satisfactory lease between second party and owner of the building wherein business is now located." This clearly contemplated that there should be some effort on the part of appellee to procure from the landlord a lease which was satisfactory to him. If he could, without good reason, refrain from doing so, then the agreement, at his whim, could be rendered nugatory and the execution of the contract an idle and meaningless ceremony. We cannot ascribe to the parties, as evidenced by the language of the contract, such an intent; on the contrary, it is our conclusion that they purposed that appellee should, in good faith, attempt to secure from the landlord a lease which was satisfactory to him, and failing in the endeavor, should be excused from the performance of his contract.

The count charges that appellee did not attempt to secure such a lease, and if he, without good reason, did not, it amounted to a failure on his part to perform

the obligations of the contract. We think the count is sufficient and that the court erred in sustaining the demurrer thereto.

The judgment is reversed and the cause is remanded, with directions to overrule the demurrer to the fifth, seventh and eleventh additional counts of the declaration.

*Reversed and remanded with directions.*