ROBERT HOWARD BARRON v. MARSHALL CLAY CAIN.

(Filed 11 October, 1939.)

**1. Pleadings § 3a—**

A complaint should state in a plain and concise manner the material and essential facts constituting plaintiff's cause of action, C. S., 506 (2), so as to disclose the issuable facts determinative of plaintiff's right to relief, and should not contain collateral, irrelevant, redundant or evidential matter.

**2. Same: Damages § 10—**

In an action for damages plaintiff should allege, when necessary, matter in aggravation of damages.

**3. Same—**

Where there are conditions precedent to plaintiff's right to recovery, he should allege performance or facts excusing nonperformance.

**4. Same: Quasi-Contracts § 2—**

Where plaintiff relies upon an implied contract, he should state the circumstances giving rise to the implied agreement.

**5. Wills § 6—**

While care of a person during his lifetime is a prerequisite to a recovery on an alleged agreement to pay plaintiff for such care, when the person for whom the services are rendered breaches the contract by making performance impossible, plaintiff is discharged from further performance and may sue for breach of the agreement and recover the reasonable value of the services rendered prior to defendant's breach.

**6. Pleadings § 29: Wills § 5—Allegations held proper as excusing want of complete performance by plaintiff and as being matter in aggravation of damages.**

In this action to recover for breach of an agreement under which plaintiff was to care for defendant during his lifetime, plaintiff alleged that defendant rendered complete performance on the part of plaintiff impossible by running plaintiff away from the premises with a deadly weapon, and that during the time plaintiff did care for defendant, defendant was drunken and abusive. *Held:* Allegations of the facts rendering complete performance on the part of plaintiff impossible were competent to excuse want of complete performance by plaintiff, and the allegations as to defendant's drunkenness and abuse of plaintiff were competent in aggravation of damages upon the question of the reasonable value of services rendered.

**7. Pleadings § 29—**

The fact that allegations might be put in more orderly sequence and might be more concisely stated is insufficient to support defendant's motion to strike such allegations from the complaint.

**8. Appeal and Error § 50—**

When appellee's brief contains a great deal of matter wholly irrelevant to the question presented by the appeal, the Supreme Court, in affirming the judgment of the lower court, will direct the clerk, in taxing the cost, to include in the cost taxed against appellant only an equitable part of the cost of printing appellee's brief, in this case one-half.

APPEAL by defendant from *Ervin, Special Judge,* at April Special Term, 1939, of YADKIN. Affirmed.

Motion in the cause to strike portions of the complaint, as a matter of right, made before the time for answering expired.

The defendant moved to strike paragraphs 2, 5, 6 and 7 of the plaintiff's complaint. When the motion came on for hearing the court allowed the motion as to portions of paragraphs 2 and 5, but declined to strike the remainder of said paragraphs or to strike any part of paragraphs 6 and 7. Defendant excepted and appealed.

*Fred M. Parrish and Walter E. Johnston for plaintiff, appellee.*
*Grant & Grant for defendant, appellant.*

BARNHILL, J. The purpose of the complaint is to state, in a plain and concise manner, plaintiff's cause of action so as to disclose the issuable facts and to give the defendant notice of the relief to which the plaintiff supposes himself entitled, and should contain all the facts which the defendant should know to make his defense and which the court should know in order to grant the desired relief. McIntosh, p. 87. It must contain a plain and concise statement of the facts constituting a cause of action without unnecessary repetition. C. S., 506 (2). The material, essential or ultimate facts upon which the right of action is based, and not collateral or evidential facts which are only to be used to establish the ultimate facts, should be stated. The plaintiff is to obtain relief only according to the allegations in his complaint and, therefore, he should allege all of the material facts, but not the evidence upon which he relies to prove them. Irrelevant, redundant and evidential matter should be omitted and unnecessary repetition should be avoided. In actions for damages, when necessary, the plaintiff should allege facts by way of aggravation to increase the damages. McIntosh, p. 389. If there are conditions precedent to plaintiff's right of recovery to be performed by him, such performance should be alleged or sufficient reasons given for failure to perform. If the plaintiff relies upon an implied contract or agreement, the circumstances giving rise to such implied agreement should be stated.

Does plaintiff's complaint, as now constituted, offend against these requirements? To decide this question we must examine the cause of

action the plaintiff undertakes to state and determine whether the allegations in paragraphs 5, 6 and 7 of the complaint are a material part thereof.

The plaintiff sets forth that the defendant, a man 85 years of age, grand-uncle of the plaintiff, in 1932 induced the plaintiff to go and live with and care for him during his life, upon an understanding that plaintiff, at the death of the defendant, would be well paid for his services; that the plaintiff, pursuant thereto, did move to the home of the defendant and live with him until September, 1938, rendering services for the comfort, welfare and best interest of the defendant; that his failure to continue to live with the defendant during his life was due to no fault of the plaintiff but was caused by the wrongful conduct of the defendant in assaulting the plaintiff with a deadly weapon, running him off of the premises and threatening to do him great bodily harm if he returned; and that he has been substantially damaged thereby.

As the plaintiff alleges a contractual agreement to live with and render service to the defendant for and during the natural life of the defendant, before he can recover it is necessary for him to allege in his complaint, and prove at the hearing, that his failure to do so was caused by the wrongful acts of the defendant. Although the performance by the plaintiff of the whole of his promise may be a condition precedent to the liability of the defendant to perform on his part, still the plaintiff's failure to perform will not discharge the defendant if the latter prevented the performance. In such case, the plaintiff is discharged from further performance and may recover damages for the breach, or recover on the *quantum meruit* for his part performance. Clark on Contracts (Ed. 1904), p. 468. The law implies a promise by the party to pay for what has been thus received and allows him to recover any damage he has sustained by reason of the breach, for this is exact justice. *McCurry v. Purgason,* 170 N. C., 463; *Hayman v. Davis,* 182 N. C.; 563.

In paragraph No. 6, the plaintiff alleges that during the seven years he lived with the defendant the defendant was constantly under the influence of liquor and that notwithstanding the indignities, lonesomeness and inconvenience to which the plaintiff was subjected by reason thereof, he remained with and was at all times ready, able and willing to serve the defendant until his death in compliance with the understanding between him and the defendant. In paragraph No. 5 the plaintiff alleges that while the defendant was under the influence of liquor he was disagreeable and subjected the plaintiff to abuse and every manner of indignity, notwithstanding which, the plaintiff, in compliance with his agreement, continued to live with and serve the defendant. These allegations constitute allegations in aggravation of damages. The

plaintiff has a right to allege, and to attempt to prove, that by reason of the condition, temperament and attitude of the defendant, services rendered to him were of much greater value than similar services rendered to a sober and well-disposed person.

In paragraph No. 7, plaintiff alleges that the defendant assaulted him with a deadly weapon and ordered him to leave, and sets out the essential facts in relation thereto. He further alleges that he was forced to leave the home of the defendant for fear of bodily harm. These allegations are essential to the plaintiff's cause of action for the purpose of disclosing the alleged reason why the plaintiff has not complied, on his part, with the alleged agreement. Having alleged an agreement to serve defendant during his lifetime and having admitted in his complaint his noncompliance, it is essential to his alleged cause of action that he set forth the wrongful conduct of defendant which caused the breach through no fault of the plaintiff.

The allegations contained in these paragraphs of the complaint might be put in a more orderly sequence and could be more concisely stated, yet this is not sufficient cause for striking them from the complaint.

The plaintiff in his brief states: "The only record before this Court is the complaint and this Court has no knowledge of the evidence in the possession of the plaintiff and which he thinks pertinent to establish a cause of action alleged in the complaint." This is followed by long and detailed recital of "facts" upon which the plaintiff relies to establish his cause of action. The competency of many of the so-called facts is not conceded. In any event, they are wholly irrelevant to the question here presented. We are of the opinion, therefore, that the defendant should not be required to pay for that portion of the brief containing such irrelevant matter. In taxing the costs against the defendant, the clerk will include only one-half of the cost of printing plaintiff's brief.

The judgment below is
Affirmed.