FRED SUGGS v. S. L. BRAXTON, TRADING AND DOING BUSINESS AS BRAXTON AUTO SERVICE, AND SOUTHEASTERN FIRE INSURANCE CO.

(Filed 11 December, 1946.)

**1. Insurance § 50—**

Where in an action on an automobile collision policy, plaintiff alleges coverage under a binder, which binder shows that the insurance thereby contracted expired prior to the occurrence of the collision and that the premium received by insurer was the ratable amount to the date of expiration, insurer's motion to nonsuit is properly allowed notwithstanding evidence tending to show modification or extension of the insurance coverage when such evidence is not predicated upon allegations in the complaint.

**2. Pleadings § 24c—**

The theory of the complaint determines the recovery, and proof not supported by allegation is unavailing.

**3. Same: Trial § 23a—**

A material variance between the allegation and proof may be taken advantage of by motion for judgment as of nonsuit.

APPEAL by defendant Southeastern Fire Insurance Company, from *Burney, J.,* at February Term, 1946, of COLUMBUS. Reversed.

This was an action to recover collision insurance on an automobile. Plaintiff alleged that defendant Braxton was an automobile dealer, and also agent of defendant Insurance Company; that 6 February, 1945, plaintiff borrowed of defendant Braxton $500 and to secure the loan executed to Braxton a mortgage on one Buick automobile in the amount loaned plus $115 to cover interest and collision, theft and fire insurance on the automobile; that the insurance obtained by Braxton was "under binder No. 554" issued by defendant Insurance Company. It was alleged that plaintiff's automobile on 17 March, 1945, was wrecked in collision, entailing loss in full amount of the insurance.

The defendant Insurance Company, in its answer, denied that any binder issued by it covering plaintiff's automobile was in force at the time of the alleged collision. It was admitted, however, at the trial that defendant Insurance Company issued its binder No. 554 on plaintiff's automobile, and that the automobile was damaged in collision 17 March, 1945.

At the trial the plaintiff, being called upon to produce any insurance policy or binder issued by defendant, admitted that he had no such binder or policy and was unable to produce same. Plaintiff's testimony as to his dealings with defendant Braxton was admitted by the court only against Braxton and not against defendant Insurance Company.

Defendant Braxton testified for plaintiff that he was agent of defendant Insurance Company, and that 27 January, 1945, he was notified by defendant Insurance Company that it had decided to discontinue automobile finance insurance, and that after 15 February it would not accept any further business of this kind. He further testified that the binder No. 554 referred to in the plaintiff's complaint was issued 6 February, 1945, by the Vice-President of defendant Insurance Company, who was in Braxton's office at that time; that this binder covered plaintiff's automobile and was the only binder ever issued that did do so.

It was contended by the plaintiff that defendant Insurance Company agreed with Braxton, its agent, to allow this binder to remain in effect until 11 April, 1945, or until Braxton could get some other company to take over the business.

The defendant Insurance Company offered duplicate of the binder No. 554, referred to, written by Basinger in Braxton's office, to which was attached a list of all the automobiles covered by the binder, including that of plaintiff Suggs, 6 February, 1945, showing coverage to 1 March, 1945. In connection therewith Basinger testified that the premium paid to defendant Insurance Company by defendant Braxton for the plaintiff Suggs on the Suggs automobile was $9.10 to 1 March, 1945, and that the binder expired on that date.

The motion of defendant Insurance Company for judgment of nonsuit, entered at close of plaintiff's evidence and renewed at close of all the evidence, was denied and exception noted. The motion of defendant Braxton for judgment of nonsuit was allowed.

Issues submitted to the jury as to the liability of defendant Insurance Company were answered in favor of plaintiff, and from judgment on the verdict defendant Insurance Company appealed.

*Powell & Powell for plaintiff, appellee.*

*B. Irvin Boyle and Varser, McIntyre & Henry for defendant Insurance Company, appellant.*

DEVIN, J. Plaintiff did not appeal from the judgment of nonsuit entered as to the defendant Braxton, and hence we are not concerned on this appeal with the question of the liability of defendant Braxton under the evidence offered.

As to the other defendant, the Southeastern Fire Insurance, the plaintiff bottomed his action specifically on insurance coverage "under binder No. 554." This binder was issued 6 February, 1945, by the Vice-President of defendant Insurance Company and was admittedly the only binder or policy ever issued by the defendant covering plaintiff's automobile. This binder showed that the period for which the insurance was thereby contracted expired 1 March, 1945, and it further appeared that the premium received by the defendant was the ratable amount due to that date.

From an examination of the pleadings in connection with the evidence offered, it is apparent that testimony, if otherwise competent, tending to show modification or extension of insurance coverage, would not avail the plaintiff here in view of the allegation in his complaint that his claim for loss occurring 17 March, 1945, was under binder No. 554 which in unequivocal terms limited the coverage to 1 March, 1945. Under his pleading his sole reliance was upon the coverage expressed in this binder and the binder shows the insurance had expired when the loss occurred. *Matthews v. Ins. Co.,* 195 N. C., 374, 142 S. E., 233. No other insurance contract is alleged. The one shown in the record excludes liability after 1 March, 1945. *Ins. Co. v. Wells,* 226 N. C., 574, 183 S. E. (2d), 743; *McCabe v. Casualty Co.,* 209 N. C., 577, 183 S. E., 743; *Foscue v. Ins. Co.,* 196 N. C., 139, 144 S. E., 689; *Distributing Corp. v. Indemnity Co.,* 224 N. C., 370, 30 S. E. (2d), 377; *Floars v. Ins. Co.,* 144 N. C., 232, 56 S. E., 915.

Plaintiff's recovery is to be had, if at all, on the theory of the complaint and not otherwise. *Coley v. Dalrymple,* 225 N. C., 67, 33 S. E. (2d), 477; *Atkinson v. Atkinson,* 225 N. C., 120, 33 S. E. (2d), 666; *Balentine v. Gill,* 218 N. C., 496, 11 S. E. (2d), 456; *Barron v. Cain,* 216 N. C., 282, 4 S. E. (2d), 618. The plaintiff is bound by the allegations in his complaint. Proof to avail must correspond with the allegations. As was said in *Whichard v. Lipe,* 221 N. C., 53, 19 S. E. (2d), 14, "The plaintiff must make out her case *secundum allegata,* and the Court cannot take notice of any proof unless there be a corresponding allegation (citing cases). Where there is a material variance between the allegation and the proof this defect may be taken advantage of by motion for judgment as of nonsuit." *Talley v. Granite Quarries Co.,* 174 N. C., 445, 93 S. E., 995.

The meaning and effect of a binder in the law of insurance is discussed in *Distributing Corp. v. Indemnity Co.,* 224 N. C., 370, 30 S. E.

(2d), 377; *Lea v. Ins. Co.*, 168 N. C., 478, 84 S. E., 769; *Gardner v. Ins. Co.*, 163 N. C., 367, 79 S. E., 806; 29 Am. Jur., 158.

On this record we conclude that defendant Insurance Company's motion for judgment of nonsuit should have been allowed, and that the judgment must be

Reversed.