PAUL A. BENNETT REALTY COMPANY v. CARL HOOTS, TRADING AS HOOTS REALTY COMPANY

No. 7021DC124

(Filed 25 February 1970)

**1. Trial § 21— motion for nonsuit — consideration of evidence**

An appeal from a judgment of nonsuit presents the question of whether the evidence, considered in the light most favorable to plaintiff, is sufficient to be submitted to the jury.

**2. Brokers and Factors § 6; Pleadings § 36; Trial § 26— action by corporation — acts of corporate owner as individual — fatal variance**

In this action by plaintiff realty company, a corporation, to recover from defendant real estate agent one-half the sales commission for sale of a farm to the owner of plaintiff corporation and his wife, there was a fatal variance between plaintiff's allegations and proof where plaintiff alleged that an express or implied contract existed between it as selling broker and defendant as listing broker for division of the sales commission, but plaintiff's evidence showed that all the negotiations between the corporation owner and defendant were by the corporation owner as an individual, and plaintiff corporation failed to introduce evidence of any contract between it and defendant.

**3. Pleadings § 36; Trial § 26— correspondence of allegations and proof**

A plaintiff must make out his case *secundum allegata.*

**4. Pleadings § 36;   Trial § 26— nonsuit for variance**

When there is a material variance between allegation and proof, motion for judgment of nonsuit will be allowed.

APPEAL by plaintiff from *Henderson, District Judge,* 28 July 1969 Session, FORSYTH District Court.

This action was instituted in the District Court of Forsyth County by Paul A. Bennett Realty Company, a corporation, against the defendant, Carl Hoots, Trading as Hoots Realty Company, to recover one-half of the sales commission for the alleged sale of a farm in Yadkin County, North Carolina, to Paul A. Bennett and wife, Zephya P. Bennett. The case came on for trial before Henderson, District Judge, without a jury, on 5 August 1969, where all of the evidence tended to show the following facts:

The defendant Hoots, a resident of Yadkin County, and a licensed real estate broker, with his office in Forsyth County, North Carolina, sometime in January 1967 had listed with him for sale by Mr. and Mrs. E. B. Mills, Jr., a farm in Yadkin County, North Carolina. On 28 January 1968, Paul Bennett, also a resident of Yadkin County, North Carolina, owner of the plaintiff corporation, with its office in Forsyth County, North Carolina, telephoned the defendant that he had a prospective purchaser for the Mills' farm, and Paul Bennett asked the defendant if "he would cooperate with him on commissions". Paul Bennett testified that the defendant agreed to cooperate with him on the sales commission if the property was sold but that he subsequently advised the defendant that he was unable to sell the property to the prospective purchaser, Jacobsen, but that he was interested in the property himself, and Bennett testified that defendant again agreed to cooperate with him on commissions.

During this conversation, Bennett and Hoots made arrangements for Bennett and his wife to see the farm which they did on the following Sunday afternoon. As they were inspecting the property they came upon a large barn, and in talking about the condition of the barn Bennett remarked, "Well, I can take part of the commissions and fix up the barn." Hoots agreed with him and Bennett then said, "Well, I think we will buy it."

Paul Bennett testified that they negotiated with Hoots and Mills for several weeks and that they had many problems reaching an agreement but ". . . we finally worked it out and purchased the property." Bennett testified that at the closing ". . . I asked Mr. Hoots if he wanted me to take out of the proceeds my share of the

commission, and/or did he want to write me a check. He said 'What check?' I said, 'of course, the commission,' and he had a couple of words to say that I would rather not repeat, and said he was not going to pay me anything. . . ."

Mr. Bennett also testified that after he and his wife had agreed to purchase the property from Mr. and Mrs. Mills, the defendant requested that he prepare a contract on his stationery to be forwarded to Mr. and Mrs. Mills. Mr. Bennett testified that he prepared the contract on his stationery to purchase the property which he forwarded to the defendant who in turn obtained an acceptance of the contract from Mr. and Mrs. Mills. The contract indicated that the plaintiff corporation was the sales agent, Mr. and Mrs. Mills were the sellers and Mr. and Mrs. Bennett were the purchasers. The defendant Hoots was not in any way a party to the contract.

The plaintiff also offered evidence tending to show that it was customary that sales commissions would be divided between the listing broker and the selling broker. The defendant offered evidence denying any agreement to divide commissions with the plaintiff corporation. At the close of all of the evidence, the defendant's motion for a judgment as of nonsuit was allowed. To the entry of the judgment of nonsuit, the plaintiff corporation excepted and appealed to this Court.

*Roberts, Frye and Booth, by Leslie G. Frye, for the plaintiff appellant.*

*Frank J. Yeager for the defendant appellee.*

HEDRICK, J.

[1]    The sole question before this Court is whether the trial court committed error in granting the defendant's motion for judgment as of nonsuit. An appeal from a judgment as of nonsuit presents to the court the question of whether the evidence, considered in the light most favorable to the plaintiff, is sufficient to be submitted to the jury. *Cutts v. Casey,* 271 N.C. 165, 155 S.E. 2d 519 (1967). Whether the evidence is sufficient to carry the case to the jury is a question of law and is always to be decided by the court. *Ward v. Smith,* 223 N.C. 141, 25 S.E. 2d 463 (1943).

[2-4]    In the present case, the plaintiff, a corporation, alleged that an express or implied contract existed between it and the defendant Hoots for one-half of the commissions the defendant received from the sale of real estate. The plaintiff alleged that a custom existed

in the real estate profession whereby a listing broker would forward to the selling broker one-half of the commission received for the sale of real estate and that the defendant was aware of that custom and had agreed with the plaintiff corporation to honor the custom but that he had subsequently refused to do so. The evidence presented at the trial by the plaintiff corporation through Paul A. Bennett revealed that all of the negotiations in connection with the sale and purchase of this property were between Paul A. Bennett, individually, and the defendant Hoots. We have searched the record of the proceeding below and have not found one scintilla of evidence which would support the plaintiff corporation's allegations that it was entitled to one-half of the commissions in dispute. There is nothing in the evidence which would serve to notify the defendant that he was dealing with Paul A. Bennett as anyone other than Paul A. Bennett, an individual. The plaintiff corporation failed to introduce any evidence of a contract, either express or implied, between it and the defendant Hoots. "A plaintiff must make out his case *secundum allegata. Barnes v. Caulbourne,* 240 N.C. 721, 83 S.E. 2d 898. There can be no recovery except on the case made by his pleading. *Collas v. Regan,* 240 N.C. 472, 82 S.E. 2d 215. Proof without allegation is no better than allegation without proof. *Messick v. Turnage,* 240 N.C. 625, 83 S.E. 2d 654. When there is a material variance between allegation and proof, motion for judgment of nonsuit will be allowed. *Suggs v. Braxton,* 227 N.C. 50, 40 S.E. 2d 470." *Andrews v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786 (1955). See also *Noland v. Brown,* 258 N.C. 778, 129 S.E. 2d 477 (1963); *Lucas v. White,* 248 N.C. 38, 102 S.E. 2d 387 (1958). Whether a variance is material must be determined in light of the facts of each case. *Spaugh v. Winston-Salem,* 249 N.C. 194, 105 S.E. 2d 610 (1958). We believe that in the present case there was a material variance between the allegations and the proof and that the nonsuit was proper; therefore, the judgment of the District Court is affirmed.

Affirmed.

CAMPBELL and PARKER, JJ., concur.