**TWIN BRIDGES TRUCK CITY, INC.,**
**Appellant,**

v.

**Robert V. HALLING, Appellee.**

**No. 55457.**

Supreme Court of Iowa.

March 28, 1973.

Waldo M. Wissler, Davenport, for appellant.

Eckhardt, Goedken & Hintermeister, Muscatine, for appellee.

Submitted to MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and McCORMICK, JJ.

REES, Justice.

On or about September 22, 1969, plaintiff and defendant entered into a written contract for the sale by plaintiff and purchase by defendant of a used Mack truck for the sum of $18,522.50, payable $1,000 on the execution of the contract, and $514.-52 per month starting October 22, 1969. Defendant made applications on the contract until there remained an unpaid balance of $10,859.03, then defaulted in payment. The conditional sale contract had been assigned with recourse by plaintiff to Mack Financial Corporation. On or about February 1, 1971, plaintiff repossessed the truck, and made expenditures for repairs to make the same saleable. The truck was thereafter sold by plaintiff for the sum of $8750, and plaintiff was required to pay a commission of $875 to the salesman for making the sale. Thereafter plaintiff commenced its action against defendant, de-

manding judgment for the sum of $3494.05 representing the balance remaining on its contract after deducting the amount for which the truck was sold (minus salesman's commission) and adding the expense of putting the vehicle in saleable condition.

Defendant filed answer to plaintiff's petition admitting the execution of the contract of sale and the allegations of plaintiff's petition that he had made applications on the contract until there remained a balance of $10,859.03, and further admitting he had defaulted and plaintiff had repossessed the truck. He denied the truck was unsaleable, or that the plaintiff was required to expend monies for its repair, and further denied, for lack of information and belief, plaintiff's allegation that the truck had been sold, and affirmatively stated that in any event the truck at the time of its sale by plaintiff was worth in excess of $11,500.

At the close of plaintiff's case defendant's counsel dictated into the record a motion for directed verdict, asserting that in the absence of notice to defendant of resale of the repossessed truck plaintiff was barred from claiming any deficiency which resulted from a sale of the truck for less than the balance remaining and any cost of placing the same in saleable condition. Defendant asserted that the conditional sale contract itself required notice to him not less than ten days prior to the sale of the truck, and that the Uniform Commercial Code provides unless the proper procedure was followed in a repossession, particularly the procedures relating to notice, plaintiff was barred from claiming any deficiency.

Trial court sustained defendant's motion for directed verdict, and plaintiff moved for a new trial, asserting that section 554.-2706, The Code, 1971 (the Uniform Commercial Code) has no application to the type of transaction involved in this case, and that section 554.9504, The Code, does not require plaintiff to allege and prove that it gave defendant reasonable notice of sale of the property in question prior to

sale. In its motion for new trial it further asserted lack of reasonable notice of sale was required to be alleged and proved by the defendant if the defendant relied upon such fact, and that defendant's contention in this regard constituted an affirmative defense.

Defendant then filed his amendment to answer in which he affirmatively alleged that section 554.9504 was applicable and that the conditional sale contract itself required the seller to give the buyer not less than ten days' written notice of the time and place of any public sale of the property and of the time after which any private sale or other intended disposition was to be made of the same; and that no notice, in conformity either to the contract provisions or to the statute above referred to, was given to defendant. Defendant also filed resistance to plaintiff's motion for new trial, asserting substantially the same matter as is alleged and pleaded in the amendment to answer. The motion for new trial was thereafter overruled and this appeal was instituted.

Plaintiff asserts, as error justifying reversal, the court erred in refusing to grant plaintiff a new trial:

(a) because of the state of the pleadings;

(b) that defendant, rather than plaintiff, was required to raise the issue of notice or lack of notice of resale; and

(c) the secured party was not required to show that notice of sale was received by the debtor.

Defendant, in stating his position in the matters upon which he relies for affirmance, contends:

(1) that unless proper procedures are followed in repossession and disposition of conditionally-sold goods, suit for deficiency is barred;

(2) plaintiff has the burden of proving the allegations of its petition and of prov-

ing that it complied with statutory procedural requirements, particularly those which go to the crux of the lawsuit; and

(3) defendant may amend his pleadings at any time to conform to proof.

I. In its ruling on defendant's motion for directed verdict, the court recited the motion was sustained for the reason defendant was not given notice of resale as is prescribed in sections 554.2706(3) and 554.9504, The Code, and therefore plaintiff was not entitled to recover a deficiency judgment.

Section 554.2706, The Code, provides in pertinent part:

"(1) Under the conditions stated in Section 554.2703 on seller's remedies, the seller may resell the goods concerned or the undelivered balance thereof. Where the resale is made in good faith and in a commercially reasonable manner the seller may recover the difference between the resale price and the contract price together with any incidental damages allowed under the provisions of this Article (Section 554.2710), but less expenses saved in consequence of the buyer's breach.

"(2) Except as otherwise provided in subsection (3) or unless otherwise agreed resale may be at public or private sale including sale by way of one or more contracts to sell or of identification to an ·existing contract of the seller. Sale may be as a unit or in parcels and at any time and place and on any terms but every aspect of the sale including the method, manner, time, place and terms must be commercially reasonable. The resale must be reasonably identified as referring to the broken contract, but it is not necessary that the goods be in existence or that any or all of them have been identified to the contract before the breach.

"(3) Where the resale is at private sale the seller must give the buyer rea-

sonable notification of his intention to resell."

Section 554.9504, The Code, provides:

"(1) A secured party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. Any sale of goods is subject to the Article on Sales (Article 2). * * *"

Clearly, no notice of resale was afforded defendant by plaintiff, either as is required by the above cited sections or by the provisions of the conditional sale contract itself.

■ We view plaintiff's contentions that defendant was obligated to allege, as an affirmative defense, the lack of the required notice as tantamount to a claim plaintiff was not required to plead and prove the required notice as a condition precedent to the maintenance of its suit for the deficiency. We are unable to agree.

This court addressed itself to the question of the requirement for pleading conditions precedent in Henschel v. Hawkeye Security Insurance Co., 178 N.W.2d 409 (Iowa 1970). At page 417 this court said:

"For pleading purposes, at least, a condition precedent is one whose performance or occurrence plaintiff must prove in order to recover. Jennison v. Aacher, 201 Pa.Super. 583, 586, 193 A.2d 769, 772. Henschels were therefore obliged to allege compliance with conditions precedent or to assert performance or occurrence of the conditions was waived or excused in order to state the essentials of a cause of action. To the extent we are aware, this court has never previously stated the rule in so many words. The following authorities support it: Lewis v. Foppiano, 150 Cal. App.2d 752, 754–756, 310 P.2d 658, 660–661; Amos v. Triangle Motor Co., 94 Colo. 435, 436–437, 30 P.2d 1109, 1110; Florida State Hospital Etc. v. Durham Iron Co., 194 Ga. 350, 354, 21 S.E.2d 216,

219; Carlton v. Smith, 285 Ill.App. 380, 382–383, 2 N.E.2d 116, 117; Hibbs v. City of Wichita, 176 Kan. 529, 534–535, 271 P.2d 791, 796; Streib v. Local Lodge No. 27 of I. B. of Boiler Makers, Etc. (Mo.App.), 40 S.W.2d 519, 521; Binzel v. Viehmann, 111 Mont. 6, 10, 106 P.2d 187, 189; Barron v. Cain, 216 N.C. 282, 283, 4 S.E.2d 618, 619; 41 Am.Jur., Pleading, section 89; 1 Am.Jur.2d, Actions, section 80; 71 C.J.S. Pleading § 80; 3A Corbin on Contracts, section 749; and 5 Williston on Contracts, Third Ed., (Jaeger), section 674."

This court also said in *Henschel, supra,* at page 417:

"Our rule 98, R.C.P., is also based primarily on federal rule 9(c) and simply permits the allegation of performance to be general rather than detailed—a departure from the common law requirement that performance of each condition precedent must be alleged in detail. The rule was designed to eliminate the laborious and largely unnecessary averments resulting under the common law procedure. For a history and purpose of federal rule 9(c), see 5 Wright and Miller, Federal Practice and Procedure: Civil section 1302."

It was not incumbent upon plaintiff to allege performance, that is to say, the giving of notice in detail, but plaintiff was required to allege the performance of all conditions precedent entitling it to recover.

II. We are not insensible to the fact that courts of other jurisdictions, notably Illinois, have taken the view that lack of notice in a similar fact situation must be pleaded as an affirmative defense, and that such a defense not properly pleaded is deemed waived. See Alco Standard Corp. v. F & B Manufacturing Co., 132 Ill.App. 2d 24, 265 N.E.2d 507.

In any event, the lack of notice was pleaded by defendant, albeit by an amendment to answer filed subsequent to the entry of the court's order and judgment sustaining his motion to direct. The court permitted the filing of an amendment to answer to conform the pleadings to the proof or lack of proof, as the case may be. In its ruling on the motion for new trial, trial court observed:

"Defendant need not allege and prove failure as an affirmative defense. The matter is moot, since this court allowed the defendant to amend his answer to conform to the proof and plead failure to notify if such would be necessary."

III. It is plaintiff's further contention the court erred in permitting defendant to amend his answer eight days after trial. We are unable to agree with this contention of plaintiff, for, as we view it, the amendment to answer raised no new issue and only served to conform the pleadings to the proof.

"The trial court has broad discretion in permitting or denying amendments to conform to the proof at the close of all evidence and, unless this discretion is abused, we will not interfere. To allow such amendments is the rule, not the exception." W. & W. Livestock Enterprises, Inc. v. Dennler, 179 N.W.2d 484, 488 (Iowa 1970), and cases cited.

We find no reversible error, and affirm the trial court.

Affirmed.